GEORGE G. PARKER, executor, *vs.* MARY FLAGG.

Worcester.    Oct. 3, 1878. — June 25, 1879.    AMES & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 113, §§ 6, 8, 10, 11, an order which merely sustains a demur-
    rer to a bill in equity, without more, is an interlocutory and not a final decree;
    and, if a final decree is afterwards entered dismissing the bill, such decree is
    founded on, and necessarily affected by, that order; and the question whether
    that order was erroneous is open upon an appeal seasonably taken from the
    final decree.
An executor of an insolvent estate can maintain a bill in equity against the widow
    of his testator, to set aside conveyances made by the testator to her of all his
    property, real and personal, consisting in part of mortgages, in fraud of his
    creditors.

BILL IN EQUITY, filed October 27, 1877, by the executor of the will of Darius S. Flagg, to set aside conveyances by the testator of all his property, real and personal, to his wife, in fraud of creditors.

The bill alleged that the testator died on July 18, 1876, leaving a will, which was duly proved and allowed, and in which the plaintiff was appointed executor; that, at the time of the testator's death, and for a long time prior thereto, the testator was largely indebted to divers persons in large amounts, and those debts had never been paid or discharged, and the creditors now hold valid claims against his estate; that, a short time before his death, the testator conveyed all his estate, both real and personal, (which was specifically described in the bill, and consisted in part of mortgages,) without any consideration, to his wife, the defendant, with the intent to delay, defeat and defraud his creditors; that a part of said conveyances were made to other persons for the benefit of his wife, and said persons have since conveyed the same to her, and the latter has purchased other property with funds belonging to the estate; that all of

the conveyances were made with unlawful intent, were fraudulent and void and without consideration, and all the parties to said conveyances had knowledge of and participated in the fraud; that the defendant, since the death of the testator, had been and is in possession of all the estate so conveyed, and was collecting the rents of the real estate and the principal and interest of certain notes, and selling and using the personal property, and was grossly misusing and wasting the estate, and the same had been greatly reduced in amount and value since the death of the testator; that the defendant was a person of no pecuniary responsibility, and a judgment against her would be of no value, and the estate of the testator was insolvent; and that the plaintiff had often requested and demanded that the defendant should deliver up and account for said estate, but she utterly refused so to do.

The prayer of the bill was that the defendant be required to convey and deliver to the plaintiff all said estate, and the rents, profits and proceeds thereof; and to disclose and discover a true statement and account of the estate so conveyed, and of all rents, profits, proceeds and receipts thereof, and of all property purchased with funds belonging to the estate; that, pending these proceedings, a receiver be appointed to take possession of and manage the estate; and that the defendant and all other persons be restrained from intermeddling with the estate; and for further relief.

The defendant demurred to the bill, assigning as ground of demurrer that the plaintiff had an adequate and complete remedy at law.

Hearing before *Morton*, J., who, in March 1878, sustained the demurrer; and a final decree dismissing the bill with costs was entered on May 20, 1878; and from this decree the plaintiff on the same day appealed to the full court.

*T. L. Nelson*, for the plaintiff.

*T. G. Kent*, for the defendant.

GRAY, C. J.   By the statute which regulates the chancery jurisdiction and practice of this court, " cases in equity, and motions and other applications therein, whether interlocutory or final, shall in the first instance be heard and determined by one justice;" "from final decrees made by such justice, any party aggrieved may, within thirty days after the entry thereof,

claim an appeal;" "from all interlocutory decrees made by a single justice, any party aggrieved may appeal, in like manner;" and "all interlocutory decrees not appealed from shall be open to revision on appeals from final decrees, so far only as it appears to the full court that such final decrees are erroneously affected thereby." Gen. Sts. *c.* 113, §§ 6, 8, 10, 11.

By our practice, an order which merely sustains a demurrer to the bill, without more, is an interlocutory and not a final decree; for it does not put the case out of court, but leaves it still within the power of the court to allow amendments, either in form or in substance, at any time before the bill is ordered to be dismissed. *Merchants' Bank* v. *Stevenson*, 7 Allen, 489, 491. *Forbes* v. *Tuckerman*, 115 Mass. 115, 119. In the present case, the only decree entered in March was an order sustaining the demurrer; the final decree entered in May, dismissing the bill, was founded on and necessarily affected by that order; and the question whether that order was erroneous is therefore open upon the appeal seasonably taken from the final decree.

The bill is brought by the executor, representing all the creditors, of an insolvent estate, to set aside conveyances made by the testator of all his property, real and personal, in fraud of those creditors, to his wife, who is the sole defendant; some of the property consists of mortgages, to recover which the plaintiff has no adequate remedy at law; all the conveyances appear to have been parts of one scheme; and no objection is, nor it would seem could be, taken to the bill for multifariousness. The demurrer was erroneously sustained, and should have been overruled. *Chase* v. *Redding*, 13 Gray, 418. *Welsh* v. *Welsh*, 105 Mass. 229. *Gilson* v. *Hutchinson*, 120 Mass. 27. The decrees must therefore be reversed, and the defendant ordered to                              *Answer the bill.*