BEATTY and others *v.* HINCKLEY and Husband.

*(Circuit Court, S. D. New York.* January 20, 1880.)

BILL IN EQUITY—MULTIFARIOUSNESS—FRAUDULENT CONVEYANCE TO WIFE—GRANTEE, EXECUTRIX OF DECEASED GRANTOR.—A bill in equity for an account against the executrix and former wife of a deceased trustee is not bad for multifariousness because it prays, among other things, for an account of the value of certain property fraudulently conveyed to such executrix by the testator in his life-time, in order to avoid liability for a breach of trust.

In Equity.

WHEELER, J.   The wife, defendant, is executrix of the will of George I. Beatty, who was trustee, under the will of James Beatty, of lands and stocks, to receive and collect the rents, dividends and profits thereof, and pay the same to James L. Beatty during his life, with remainder over to the next of kin, who are the orators, and who disposed of the property absolutely, and paid over the avails, to the amount of about $10,-000, to the life tenant, who lost the same, and which has never been paid to the orators.   She has assets belonging to the estate of her testator, and it is not contended but that she should account for those, and be decreed to pay the amount to the orators, but they are largely deficient.

After the loss of the funds by the life-tenant, he discharged the trustee from all further claim in his behalf; and the trustee conveyed to this defendant, then his wife, without any consideration, property of his own to a considerable amount, and more than was a reasonable provision for her, in view of his liability for violating this trust, and probably intending to defeat that liability, which she understood.   It is argued, in her behalf, that this property, so conveyed to her, cannot be reached to satisfy this claim, and that if it can be reached at all, it cannot be in this suit, with the claim against her as executrix.

There is no pretence but that the claim of the orators was a just and lawful one against her testator in his life-time, nor but that it is a lawful one against his estate now.   It seems

to follow, very plainly, that this voluntary conveyance of his property, for the purpose of defeating that claim, was fraudulent and void, as against the holders of the claim. No reference to particular authorities is necessary to establish this. But it is said that if that property can be followed into the hands of the wife defendant at all, the claim for it is distinct from that against her as executrix for the property belonging to the estate, of which she is executrix, and that joining the two makes the bill bad for multifariousness, which objection was seasonably taken; and *Ward* v. *Duke of Northumberland*, 2 Aust. 469, and *Sabridge* v. *Hyde*, Jacobs, 157, are strongly relied upon in support of the objection.

The claims, however, are not distinct. There is really but one claim, and that is in favor of the orators against the estate of the testator in her hands as executrix. That property is claimed because, as between her and the orators, it is a part of the same estate, to be reached in her hands in the same manner as any other part. If the property had been conveyed to a third party it would have been different. Then a suit against the other party would have been necessary, and she would be the proper party to bring it, and if she refused the orators could proceed against both. *Hagan* v. *Walker*, 14 How. 29. The cases mentioned as relied upon are both distinguishable from this in this respect. The orator in each had claims against the testator and against the executor in the life-time of the testator, each independant of the other. In attempting to enforce both in one suit they were pursuing distinct claims, and not, as is only attempted here, one claim against the same person in the same right.

Let a decree be entered for an account of the amount due the orators, and of the estate of the testator in the hands of the defendant executrix, and of the value of the personal estate mentioned in the bill as conveyed by the testator to her in his life-time, and the amount of the estate of the testator in her hands, and if necessary that so conveyed, or so much as is necessary, be paid to the orators in satisfaction of their claim, with costs.