ALICE M. FAY *vs.* BENJAMIN S. VANDERFORD.

Worcester. September 30, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Probate Appeal — Framing of Issues for Jury — Discharging Issue after Verdict.*

In probate cases the framing of issues for a jury in this court rests in the discretion of the presiding justice; and his decision discharging an issue after a trial thereon before him will not be disturbed, in the absence of anything to show that he was wrong.

APPEAL, by Alice M. Fay, from a decree of the Probate Court that the omission of her father, Frederick C. Vanderford, to provide for her in his will was intentional, and was not occasioned by accident or mistake. At the trial in this court, before *Holmes*, J., upon the issue framed and submitted to a jury, whether such omission to provide for the appellant was intentional or whether it was occasioned by accident or mistake, the jury answered that it was not intentional. Thereupon the respondent moved that this finding of the jury be set aside, and the issue be discharged. The judge allowed the motion, stating

his reasons therefor in the following memorandum : " In this case, I set aside the verdict, and discharged the issue, on the ground that, having heard the evidence, I thought that it was difficult, if not impossible, for a jury to confine their consideration to those aspects of it which were legitimate to the issue. But I made the order without further prejudice than this statement of my reasons may cause the appellant on a renewed application." From this ruling, Alice M. Fay appealed to the full court.

*H. C. Hartwell*, for the appellant.

*W. S. B. Hopkins*, for the respondent.

ALLEN, J. The presiding justice framed an issue for the jury, and after trial and verdict he set the verdict aside and discharged the issue. There was a memorandum stating the reason, but the petitioner, having appealed from the order discharging the issue, objects that the memorandum is no part of the record, and ought not to be considered. We therefore lay that aside. The petitioner certainly was not entitled to a trial by jury as a matter of right. The exercise of discretion in discharging the issue, or in refusing on application seasonably made to frame an issue, is reviewable by the full court. But we have not before us the means of saying that the presiding justice was wrong. The framing of issues for a jury in probate cases is by no means a matter of course; but it is to be granted or refused, in each particular case, in the discretion of the presiding justice. In the present case there was a trial, so that the presiding justice was familiar with the facts ; and in the absence of anything to show that he was wrong, his decision must stand. *Ross* v. *New England Ins. Co.* 120 Mass. 113, 117. *Newell* v. *Homer*, 120 Mass. 277, 281.

*Decree affirmed.*