PATRICK DOHERTY *vs.* MARGUERITE O'CALLAGHAN & others.

Suffolk.    March 24, 25, 1892. — June 27, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Probate Appeal — Framing of Issues for Jury — Declarations of Testator to Attorney — Finding of Single Justice.*

In probate appeals the framing of issues for a jury rests in the discretion of the presiding justice. While the exercise of this discretion may be reviewed by this court on appeal, yet the decision will not be disturbed if the court has no means of determining that the justice who declined to frame issues was wrong.

The attorney who draws a will will not be allowed, without the consent of the testator while living, to testify to communications made to him concerning the will,

or to its contents; but when the will is presented for probate after the testator's death, the attorney may testify·as to directions given to him by the testator, so that it may appear whether the instrument presented for probate is or is not the will of the alleged testator.

LATHROP, J. This is an appeal from a decree of a justice of this court, affirming a decree of the judge of probate for the county of Suffolk, admitting to probate the will of one Patrick Grealy. The reasons of appeal filed in the Probate Court were, that, at the time of the execution of the instrument offered for probate, the said Grealy did not know the contents thereof; that he was then not of sound and disposing mind and memory; and that the instrument was procured by fraud and undue influence of two persons named.

1. Before the case was heard, the appellants moved that issues be framed for a jury, but did not state what issues were desired. This motion was denied; and an appeal was taken to this court. We assume, for the purposes of the case, that the appellants desired issues in accordance with their reasons of appeal.

It is provided by the Pub. Sts. c. 156, § 19, that, "If, upon the hearing of an appeal in the Supreme Court of Probate, a question of fact occurs proper for trial by jury, the court may cause it to be so tried upon an issue framed for the purpose under the direction of the court." We agree that the general practice of this court has been, and remains, to frame the customary issues; but the discretion asserted in *Davis* v. *Davis,* 123 Mass. 590, 593, remains so far a reality that, if the court is satisfied that injustice would be done by framing them, and that special reasons exist for declining to frame them and for proceeding to try the case at once, it has the right to adopt that course. The exercise of this discretion may be reviewed by this court on appeal; but in the case at bar we have no means of determining that the justice who declined to frame issues was wrong. *Fay* v. *Vanderford,* 154 Mass. 498.

2. Thomas J. Gargan, Esq., an attorney at law, was permitted to testify, against the objection and exception of the appellants, in regard to what was said to him by Grealy, when the latter came to see him for the purpose of having his will drawn. This conversation included the directions given by Grealy as to the

disposition of his property. The appellants contend that these communications were privileged, and therefore inadmissible.

The only case which they have brought to our attention bearing upon this point is *Loder* v. *Whelpley*, 111 N. Y. 239, 248, where it is said : " A lawyer, in receiving the directions or instructions of one intending to make a will, is confided in by reason of his professional character as a counsellor, and he acts in that capacity, although asking no questions and without advising, he does nothing more than to reduce these directions to writing." And the opinion was expressed that, under the New York Code (§ 835), which provides that " an attorney or counsellor at law shall not be allowed to disclose a communication, made by his client to him, or his advice given thereon, in the course of his professional employment," what was said at certain interviews with the testatrix could not be testified to by the attorney. This opinion was, however, to some extent, *obiter dictum*, as it was held that the contestant was not prejudiced by the admission of the evidence, on the ground that, leaving out the testimony of the attorney, the judgment below must be affirmed on the other evidence in the case.

The question before us, however, is not what construction is to be given to the language of a code, but what is the rule at common law, and the further question whether the case at bar comes within the rule.

The general rule undoubtedly is that an attorney shall not be called upon or allowed to disclose matters communicated to him by his client in professional confidence. *Foster* v. *Hall*, 12 Pick. 89, 93. (See also page 98, where several exceptions to the rule are stated.) The reason for the rule is well stated by Lord Brougham, in *Greenough* v. *Gaskell*, 1 Myl. & K. 98, 103, where he says : " It is out of regard to the interests of justice, which cannot be upholden, and to the administration of justice, which cannot go on without the aid of men skilled in jurisprudence, in the practice of the courts, and in those matters affecting rights and obligations which form the subject of all judicial proceedings. If the privilege did not exist at all, every one would be thrown upon his own legal resources ; deprived of all professional assistance, a man would not venture to consult any skilful person, or would only dare to tell his counsellor half his case."

In *Russell* v. *Jackson*, 9 Hare, 387, Vice Chancellor Turner considered the question at length, and held that the reason of the rule did not apply to testamentary dispositions, unless the testator entertained an illegal purpose; and that the existence of such a purpose would not attach any privilege to the communication.

In regard to this last suggestion, it has recently been held in England, after full consideration, that communications made to a solicitor by a client before the commission of a crime, for the purpose of being guided or helped in the commission of it, are not privileged from disclosure. *The Queen* v. *Cox*, 14 Q. B. D. 153. It has also been held that communications to a solicitor for the purpose of committing a fraud are not privileged. *In re Postlethwaite*, 35 Ch. D. 722.

In this Commonwealth, although the question has not been passed upon by the full court, we believe the practice has been to admit such evidence as was allowed in the case at bar. In *Worthington* v. *Klemm*, 144 Mass. 167, the only evidence that the testatrix had knowledge of the contents of the will was the testimony of the lawyer who drafted it as to what instructions he had received from his client, and to his compliance with such instructions, the will not having been read to the testatrix or by her before she signed it. This appears from the papers in the case, although not distinctly from the report of it. See also *Davis* v. *Davis*, 123 Mass. 590, 595.

Undoubtedly, while the testator lives, the attorney drawing his will would not be allowed, without the consent of the testator, to testify to communications made to him concerning it, or to the contents of the will itself; but after his death, and when the will is presented for probate, we see no reason why, as a matter of public policy, the attorney should not be allowed to testify as to directions given to him by the testator, so that it may appear whether the instrument presented for probate is or is not the will of the alleged testator. The reasoning of Vice Chancellor Turner appears to us to be sound; and we are of opinion that the case does not fall within the reason of the rule relating to privileged communications. We need not, therefore, consider whether the case might rest on the ground that an intent to waive the privilege might be inferred from the will, as was held

in *Blackburn* v. *Crawfords*, 3 Wall. 175. We are of opinion that the testimony of Mr. Gargan was properly admitted.

3. The remaining question is one of fact. We have examined the voluminous testimony submitted to us. It would serve no useful purpose to discuss it. It is enough to say that we agree with the result arrived at by the justice who heard the case.

*Decree affirmed.*

*C. F. Donnelly*, (*A. E. Gage* with him,) for the appellants.
*W. I. Badger*, for the appellee.