ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

FRANK H. FULLER *vs.* E. DUDLEY CHAPIN & another, executors.

SAME *vs.* SAME.

Hampden.    September 26, 1895. — November 29, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity Practice — Motion for Issues to Jury — Interlocutory Decree —
Appeal — Hearing.*

An order of the Superior Court denying a motion that issues to a jury be framed in an equity suit is an interlocutory decree, and an appeal therefrom will not be heard by this court until the case is ready for final disposition, in the absence of anything showing that the discretion of the justice who made the order was not wisely exercised, or any reason for advancing the hearing.

TWO MOTIONS, filed by the plaintiff in the Superior Court, that issues to a jury be framed in two suits in equity, one brought to have a deed executed by the plaintiff declared void, and the other to have his written consent to his wife's will declared void.  The motions were heard together, and denied; and the plaintiff appealed to this court.

*F. J. Demond,* for the plaintiff.

*G. D. Robinson,* (*W. S. Robinson* with him,) for the defendants.

MORTON, J. In each of these cases the plaintiff asked for the framing of issues for a jury trial. The motions were denied, and the plaintiff appealed. The same question arises in the two cases, and they were argued and have been considered together.

The motions related to an interlocutory matter, and the orders denying them were therefore interlocutory decrees. *Eames* v. *Eames,* 16 Pick. 141. The statute gives the right of appeal, but expressly provides that it shall not suspend the decree appealed from, nor transfer the entire cause to the full court, nor any matter therein, except whether the order appealed from should be affirmed, reversed, or modified. Pub. Sts. c. 151, § 16.

The practice in regard to hearing appeals from orders allowing or refusing issues in equity or probate causes does not seem, from the reported cases, to have been entirely uniform in this State. In some cases the appeal appears to have been heard before the case was ripe for final disposition. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45. *Ross* v. *New England Ins. Co.* 120 Mass. 113. *Merchants' National Bank* v. *Moulton,* 143 Mass. 543. And we infer that such is the practice in England. *Williams* v. *Guest,* L. R. 10 Ch. 467. In other cases the appeal, or the exceptions, where exceptions were taken, do not seem to have been heard till the case was ready to be finally disposed of. *Newell* v. *Homer,* 120 Mass. 277, 281. *Doherty* v. *O' Callaghan,* 157 Mass. 90. *Bourke* v. *Callanan,* 160 Mass. 195. The same want of uniformity seems to have prevailed in regard to appeals from decrees overruling or sustaining demurrers, and in other interlocutory matters. In some cases the appeal appears to have been heard before the case was ready to be finally disposed of; *Forbes* v. *Tuckerman,* 115 Mass. 115 ; *Hassam* v. *Barrett,* 115 Mass. 256 , *Fay* v. *Vanderford,* 154 Mass. 498; and in others, not until that stage of the case was reached; *Cheney* v. *Gleason,* 125 Mass. 166, 180; *Parker* v. *Flagg,* 127 Mass. 28; which seems to be the English practice. *London, Chatham, & Dover Railway* v. *Imperial Mercantile Credit Association,* L. R. 3 Ch. 231. When the question raised is of such a character that it might be a bar to further proceedings, there is certainly a good deal of propriety in hearing it before compelling parties to go into the case at large. *Greene* v. *Harris,* 11 R. I. 5, 10. So also where the effect of delay would be to subject the appel-

lant to irreparable loss, it would seem that there should be an early hearing, (*Lazenby* v. *White*, L. R. 6 Ch. 89,) and possibly in other cases. But it has been held that proceedings will not be suspended because parties will be put to unnecessary expense if the decree should be reversed. Dan. Ch. Pract. (3d Am. ed.) 1550, and cases cited. *London, Chatham, & Dover Railway* v. *Imperial Mercantile Credit Association, ubi supra.*

No doubt the trouble and expense to which the parties might be subjected by being obliged to proceed with the case on the assumption that the decree was valid, if afterwards it should be reversed or modified on appeal, has had something to do with the apparent readiness of the court to hear interlocutory appeals from orders allowing or disallowing issues before the case was ripe for a final decree. But we think that all interlocutory appeals must stand on the same footing, so far as regards the right to a summary hearing. The same considerations would exist oftentimes in favor of an early hearing upon an appeal from an order overruling a plea or demurrer, or in some other interlocutory matter, as upon one from an order allowing or disallowing issues, and would have much the same force at law as in equity, although the statutes relating to appeals and exceptions are not the same at law as in equity. It is settled, however, at law, for reasons which are stated in *Lowd* v. *Brigham*, 154 Mass. 107, that, generally speaking, no appeal from or exception to an interlocutory ruling or order will be heard " in this court until the case is either finally disposed of in the court in which it is pending, or is in a condition to be finally disposed of there, if the exceptions are overruled," though in that case it was held that the reason for the rule did not apply, and that the exceptions might be entered and heard. Where it is provided by statute, as it seems to be in Maine, (*Call* v. *Perkins*, 65 Maine, 439,) that the court shall order issues to be framed when requested by either party, or, as in Rhode Island, that questions of fact raised by the bill shall be tried by the jury upon demand in writing by any party, (Pub. Sts. of R. I. c. 192, § 9,) the case would stand differently. But our statute relating to appeals from interlocutory decrees plainly contemplates that the progress of the case is not to be embarrassed or delayed as of right by appeals affecting interlocutory matters,

however important they may be. *Forbes* v. *Tuckerman*, 115 Mass. 115. But delay would be the natural result, if they were to be heard in their order as soon as might be after they were entered in this court. For it is hardly to be supposed that the court from which the appeal was taken would proceed to hear matters, that might be affected by it, before it was disposed of. The appellant is not left without a remedy, since it is expressly provided that the justice making the order or decree may report the question to the full court, if he thinks that it should be determined before further proceedings are had, and may stay all further proceedings, except such as are necessary to protect the rights of parties. Pub. Sts. c. 151, § 18. In practice this is often done. The provision applies to the Superior Court as well as to this. St. 1883, c. 223, § 2. It is to be presumed that the discretion thus reposed in the justice making the order or decree will be exercised in all cases where justice requires that it should be. If, however, in any case it clearly appears that an appeal should be heard and determined before the case is ready for final disposition, and the justice who makes the order or decree declines for any reason to report the question, it would still be within the power of the full court to advance the hearing on the appeal, and thus to deal with the case as justice required.

We discover nothing in these cases showing that the discretion of the justice who made the orders appealed from was not wisely exercised, nor any reason for advancing the hearing upon the appeals. They will stand for hearing, therefore, when the cases are ready to be finally disposed of. This disposition of the cases renders it unnecessary for us to consider now the question which the plaintiff has argued, of his right to a jury trial.

*Appeal to stand for hearing when the case is ready for final disposition.*