JOSEPH H. COATES and Others v. WILLIAM SEMPER.[1]

February 13, 1901.

Nos. 12,464—(236).

**Execution of Will—Evidence of Attorney as to Facts.**

An attorney at law who draws a will, and attends the person executing the same to give advice, is not prohibited, on account of his relations as such counsel, from testifying concerning the facts connected with such execution, in a contest thereon. Following In matter of Will of Layman, 40 Minn. 371, 373.

**Findings Sustained by Evidence.**

Evidence considered, and held, that the same supports the findings of fact by the trial court, and that the findings of fact sustain the conclusions of law to the effect that the instrument proposed as the last will of testatrix was properly executed, that she had the necessary testamentary capacity, and that the same was her legal will.

From an order of the probate court for Benton county, admitting to probate an instrument proposed by William Semper as the will of Fanny Semper, deceased, Joseph H. Coates and others appealed to the district court for that county. In the district court the appeal was tried before Baxter, J., who found in favor of proponent. From an order denying a motion for a new trial, the contestants appealed. Affirmed.

*G. W. Stewart,* for appellants.

*Reynolds & Roeser,* for respondent.

[1] Reported in 85 N. W. 217.

LOVELY, J.

Fanny Semper died testate in March, 1896. Her will was duly proposed and admitted to probate. Appeal was taken to the district court, where the will was contested upon the ground that the same was not properly executed, and that testatrix was not mentally competent and possessed of the testamentary capacity requisite in such cases. Upon the trial of the cause the district court made specific findings of fact and law to the effect that the testatrix was possessed of sufficient testamentary capacity to execute the will, also that the instrument presented was her last will and testament, and affirmed the decree of the probate court. The contestants moved to vacate the order of the trial court, which motion was overruled, and defendant appealed therefrom to this court upon two grounds: (1) That the decision is not justified by the evidence; and (2) errors of law occurring at the trial.

At the trial in the district court, one Senn, who was the attorney who drew the will, signed the same as a witness, and assisted in its execution as legal counsel of testatrix, was asked the following question: "Before the execution of the will, what did you do with reference to making the contents known to the testatrix?" To which question objection was made that the communication between such attorney and the executrix was privileged. The objection was overruled, under exception, and the witness permitted to answer the same. It is urged on this appeal that the admission of this evidence was error, under G. S. 1894, § 5662, which provides that

"An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon, in the course of professional duty."

We are clear that this precise question has been disposed of by this court, where the rule has been laid down, germane to the legal proposition thus raised, that the testimony of the attorney, given under circumstances similar to its reception in this case, is not privileged, but "serves to protect the estate, and tends to aid a proper disposition of it." In matter of Will of Layman, 40 Minn. 371, 373, 42 N. W. 286. The court in that case say (COLLINS, J.):

"The issue in the case was as to the mental soundness of a person under whom each litigant claimed, and, whatever the result, the interest and the estate of the deceased were not prejudicially affected. It is not an action in which the success of an adverse third party must prove detrimental to the property. Neither of these litigants can be permitted to invoke the rule respecting privileged communications for the purpose of excluding material and important evidence of the character above described, upon the only question involved in the dispute, namely, the sanity of the deceased. The testimony of the witness Laing was properly received."

This was a well-considered case, in which the authorities were fully reviewed, and we see no reason to depart from the rule therein adopted. Much evidence was received in this case upon the testamentary capacity of the testatrix, and, from the careful review that we have given the same, we are required to say that, as the question of such capacity was an open one for the determination of the trial court, its findings in favor of the will must be held, upon this review of that issue, to be conclusive, and we cannot disturb its finding in that respect.

Order affirmed.