TERESA C. MAHONEY, JOSEPH E. MAHONEY, JOHN E. MA-
HONEY, WINIFRED COTTINGHAM, ROBERT COTTINGHAM,
THOMAS COTTINGHAM, and JOHN COTTINGHAM, infants,
by their next friend, MAXWELL MAHONEY,

*vs.*

MARGARET A. HEALY, MARGARET A. HEALY, Administratrix
of Winifred Cottingham, deceased, and MARGARET A.
HEALY, Executrix of Robert T. Cottingham, deceased.

*New Castle, Nov. 1, 1911.*

W. C , while mentally incompetent, through the fraud of H , conveyed land to H., and transferred money in bank to R. T. C. R. T. C. by will gave all his estate to H., who became executrix of R. T. C., and as sole beneficiary under the will of R. T. C. would receive the moneys which were obtained by R. T. C. from W. C. *Held*, a bill by grandchildren of W. C. to set aside the conveyance and transfer, brought against H. as an individual, H. as administratrix of W. C., and H. as executrix of R. T. C., was not multifarious.

Demurrer to Bill in Equity: The bill is demurred to on the ground of multifariousness. It was brought by certain grandchildren of Winifred Cottingham, deceased, having a common interest, to recover their shares in certain real and personal property obtained, as is alleged, from Winifred Cottingham while she was mentally incompetent through fraud of the defendant, Margaret A. Healy, and other persons unknown. In this way a deed conveying to the defendant Margaret A, Healy, real estate in the name of Winifred Cottingham was obtained from Winifred Cottingham and Robert T. Cottingham, her husband, and money on deposit in a bank in the name of Winifred Cottingham was transferred to the joint names and control of Winifred Cottingham and Robert T. Cottingham, her husband. Afterwards Robert T. Cottingham, by will, gave all his property to his daughter, the defendant, who became executrix of the will, as well as administratrix of the estate of her mother, Winifred Cottingham. The suit is against Margaret A. Healy, individually, as executrix of Robert T. Cottingham and as administratrix of Winifred Cottingham. By its prayers the bill seeks to avoid the deed for the land, and to require the defendant to account as administratrix of Winifred Cottingham for the money in her hands as executrix of Robert T. Cottingham, to the extent of the amount so obtained from Winifred Cottingham while she was mentally incompetent.

*Saulsbury, Ponder & Morris*, for defendants.

This bill is multifarious on several grounds: It united distinct demands against the same defendant in triple capacities; it joins demands pertaining to both real estate and personalty against the same defendant in triple capacities; it sets forth matters so dissimilar as to require different decrees for their adjustment; in other words, there is misjoinder both of defendants and of demands. *Story's Eq. Pl.* § 271; *Swift v. Eckford*, 6 *Paige* (*N. Y.*) 22; *Boyd v. Hoyt and Parcel*, 5 *Paige* (*N. Y.*) 65, 78; *Wilson v. Wilson*, 23 *Md.* 162; *Bovaird v. Seyfang*, 200 *Pa. St.* 261, 49 *Atl.* 958, 960; *Davoue v. Fanning*, 4 *Johns. Ch.* (*N. Y.*) 199; *Latting v. Latting*, 4 *Sandf. Ch.* (*N. Y.*)

MAHONEY, ET AL., vs. HEALY, ET AL. 275

Argument.

31, 36; *Hunn v. Norton, Hopk. Ch. (N. Y.)* 344; *Ward, et al., v. The Duke of Northumberland and the Earl of Beverley,* 2 *Anst.* 469; *Kirkpatrick v. Corning,* 37 *N. J. Eq.* 54.

*Robert H. Richards* and *Charles W. Bush,* for complainants.

There can be no general rule as to what constitutes multifariousness, but each case must be decided according to its own peculiar circumstances, in the discretion of the Court. *Story's Equity Pleading,* §§ 284, 530. Multifariousness consists in improperly joining in one bill several distinct and independent matters, and thereby confounding them. But the grounds must be wholly distinct from and independent of each other and if they are connected in any way, by having the same object, or relating to the same subject matter, they may be joined in the same suit; that is, in one bill. *Lenz v. Prescott,* 144 *Mass.* 505, 11 *N. E.* 923; *Campbell v. Mackay,* 1 *Myl. & Cr.* 603; *Way v. Bragaw,* 16 *N. J. Eq.* 213; *Randolph v. Daly,* 16 *N. J. Eq.* 313; *Potts v. Hahn,* 32 *Fed.* 660. In accordance with the aim of equity to administer complete relief in one suit, a bill is not multifarious so long as it seeks to carry out a single object, although this necessitates the investigation of several matters and asks for relief of a complex nature and consisting of different elements. *Knikel v. Spitz,* 74 *N. J. Eq.* 581, 70 *Atl.* 992; *Parker v. Simpson,* 180 *Mass.* 334, 62 *N. E.* 401. Though in general the administration of estates of two different persons cannot be joined in the same suit, where the parties interested in such estates are different, yet where the same parties claim the benefit of both estates, and they are so connected that the account of one cannot be taken without the other, the joinder of them in the same suit will not be multifarious. 1 *Dan. Ch. Pl. & Pr.* 344. A bill is not multifarious where there are several complainants or several defendants, provided the parties (whether complainants or defendants) have a common interest touching the matter of the bill, although they claim under distinct titles, or have independent interests. *Story's Equity Pleading* §§ 285, 534. And the same defendant may be sued in different capacities in one bill, for instance, as an individual and as an executor. *Beatty v. Hinckley,* 1 *Fed.* 385; *Williams v. West,* 2 *Md.* 174; *Rob-*

*inson v. Guild*, 12 *Metc.* (*Mass.*) 323. The purpose and object of this bill are single, viz., to secure for the heirs of Winifred Cottingham their respective shares of her estate. The fact that several kinds of relief are asked for in order to fulfill this object does not render the bill multifarious. 16 *Cyc.* 255; *Parker v. Simpson*, 180 *Mass.* 334, 62 *N. E.* 401; *Lenz v. Prescott*, 144 *Mass.* 505, 11 *N. E.* 923; *Way v. Bragaw*, 16 *N. J. Eq.* 213.

THE CHANCELLOR: It is easier to lay down general principles defining multifariousness than to apply them to particular cases. Courts will not, on the one hand, encourage an unnecessary multiplicity of suits, and, on the other hand, will not allow the plaintiff to join in his bill a multiplicity of different and distinct matters, so as to embarrass the defendant in his defense, or produce confusion, or to render the case complicated and difficult to be understood. Several matters perfectly distinct and having no relation one to the other, and no common foundation, cannot be united in one bil' against one defendant. *Story's Equity Pleading and Practice*, § 271. A bill for an accounting against two distinct partnerships would be multifarious, though one of the defendants be a partner in both firms. *Griffin v. Merrill*, 10 *Md.* 364. So, too, it would be faulty to combine in one suit a claim against one person as an individual and another claim against him in a representative capacity. *Davoue v. Fanning*, 4 *Johns. Ch.* (*N. Y.*) 199.

There is but one purpose in the bill, based on one supporting fact, viz., to recover for the complainants their shares of the property of Winifred Cottingham which would otherwise have come to them had not the defendant fraudulently taken advantage of the mental incapacity of Winifred Cottingham and caused her to convey and transfer all her property. The mental incapacity of Winifred Cottingham, and the fraud of the defendant, run through the whole bill, according to the allegations thereof. It is not the case where by several sets of fraudulent representations by different persons, at different times, a person was deprived of several parcels of property now in the hands of several persons. In the absence of a com-

bination, or conspiracy, a bill could not be maintained which would include all the offenders and all the property, for there would be a diversity of interests, of subject matter, of proofs and of relief, and neither party defendant would be interested in, or should be affected by, the case against any of the other defendants. Where a person mentally incompetent is by the fraud of A. induced to convey land to A. and personal property to B., and B. gives to A. the property he obtained from the lunatic, a bill could surely be maintained against A. to recover both the real and personal property, and it would not be multifarious. None of the authorities submitted establish any rule which would make it multifarious. Yet this is substantially the case made by the bill. Margaret A. Healy is the sole beneficiary under the will of Robert T. Cottingham, and will actually receive, as such, a sum of money equal to about four-fifths of the amount of money of which Winifred Cottingham, while mentally incompetent, was defrauded by Margaret A. Healy by placing it under the control of Robert T. Cottingham.

There is but one person defendant, viz., Margaret A. Healy, and in this case the bill is not made multifarious by making her a defendant as an individual, as administratrix of Winifred Cottingham and as executrix of Robert T. Cottingham. Indeed, it is probably necessary to do so, for if Winifred Cottingham was mentally incompetent, then the money on deposit in the Wilmington Savings Fund Society to her credit, and removed therefrom by reason of the fraud of the defendant, must be accounted for by Margaret A. Healy as administratrix of Winifred Cottingham, and also as executrix of Robert T. Cottingham she would have duties to perform with respect to that money. As an individual she holds title to the real estate of Winifred Cottingham, alleged to have been fraudulently obtained while Winifred Cottingham was incompetent. The whole case concerning all the property hangs together properly (to paraphrase Lord Eldon's language), and there is not a misjoinder of two or more causes of suit in one action, or more than one defendant with different interests.

In *Beatty v. Hinckley*, (*C. C.*) 1 *Fed.* 385, 386, the beneficiaries in remainder under a trust brought a bill against one who

was both executor of the deceased trustee and a grantee and holder of part of the trust property, the complainants seeking by the suit to recover from the estate and property of the deceased reimbursement for breaches of trust whereby the trust estate had been wasted. It was held not to be multifarious to join the claims against the estate of the trustee in the hands of his executrix, his widow, with the claim against the widow to account for the trust property improperly conveyed to and improperly held by her. The Court said:

"The claims, however, are not distinct. There is really but one claim, and that in favor of the orators against the estate of the testator in her hands as executrix. That property is claimed because, as between her and the orators, it is a part of the same estate, to be reached in her hands in the same manner as any other part."

This case is instructive and helpful.

In *Attorney General v. St. John's College*, 7 *Sim.* 241, the Vice Chancellor said that one test to ascertain whether an information was multifarious, or embraced one object only, was to ascertain whether one defense could be made to the whole of it. Applying this test, it is clear that the bill now under consideration is not multifarious, because one defense can be made to the whole of it, viz., that Winifred Cottingham was not mentally incompetent, but sane when the alleged fraud was practiced on her.

In this case, then, as the combination of subject matter and parties cannot conceivably embarrass the defendant in making her defense, or produce confusion, render the case complicated or difficult to be understood, but will rather consolidate and simplify the determination of the rights of all parties in interest, the discretion of the Court is not moved to declare the bill multifarious. The demurrer will be overruled and the defendant ordered to plead to or answer the bill within a time to be fixed.

Let an order be entered accordingly.