*10 Buch.*   Elmendorf *v.* American Combustion Co.

JOHN B. ELMENDORF et al., appellants,

*v.*

AMERICAN COMBUSTION COMPANY et al., respondents.

[Submitted July 8th, 1912.   Decided November 18th, 1912.]

The owner of a patent, a New Jersey corporation, licensed one of the defendants to manufacture the patented device; he assigned the license to a New York corporation; stockholders of the New Jersey corporation filed a bill to set aside the license as fraudulent; no notice was served upon the licensee or his assignee, the New York corporation, and neither was amenable to process of New Jersey.—*Held*, that the subject-matter of the suit was the right claimed by the New York corporation and questioned by the complainants, and that this right had no *situs* in New Jersey which would sustain the bill as a proceeding *in rem*.

On appeal from an order of the court of chancery advised by Vice-Chancellor Howell.

Bill for an injunction. The American Combustion Company owned certain patent rights and licensed the defendant Lucas to manufacture the patented devices. Lucas assigned to the defendant the Anthony Company, a New York corporation. The charge of the bill is that the transaction was fraudulent to the injury of the stockholders of the American Combustion Company, who are the present complainants; that the American Combustion Company was substantially controlled by the defendants, and that the directors have refused to comply with the request of the complainants to institute actions to set aside the license. The American Combustion Company alone appeared. No notice was served upon the Anthony Company or Lucas within this state and neither is amenable to our process. The vice-chancellor thereupon denied a preliminary injunction.

*Messrs. Vredenburgh, Wall & Carey,* for the appellants.

*Mr. George W. Flaacke* and *Mr. John S. Parker* (of the New York bar), for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

The contention of the appellants is that the suit is a proceeding *in rem*. They disclaim the idea that the license or even the letters patent are a *res* within this state and insist that the rights secured under the letters patent are the *res* over which the court has jurisdiction. The owner, they argue, is the New Jersey Company; since the license agreement did not transfer the ownership of the patent, the *situs* is the domicile of the owner. This argument, however, confuses the patent right with the right under the license, which is in derogation of the exclusive right of the patentee and is in fact so much subtracted from that right. It is begging the question to say that the license agreement did not transfer the ownership of the patent; it transferred at any rate a right under the patent by way of license, and whether or not that transfer is valid is the question to be decided. Jurisdiction to decide that question cannot be predicated upon the assumption of the very point in issue—the validity or invalidity of the license.

The subject-matter of this suit is the right claimed by the Anthony Company and questioned by the complainant. Unless that subject-matter is within the jurisdiction of this court, the learned vice-chancellor was right in denying the injunction. A patent right is not a right to manufacture the patented article; anyone may do that in the absence of the patent. The right is to prevent others from manufacturing. The effect of a license is merely to permit the manufacture of what would otherwise be subject to restraint at the suit of the patentee. It is in effect an agreement exempting the licensee from liability for infringement, a privilege which he may set up in defence in an action against him for infringement by the owner of the patent. Assuming that it has a *situs* in any proper sense of the word, that *situs* must be at the domicile of the owner of the privilege who alone can avail himself of it and can have no occasion to do so until he is sued

for infringement. ' The *situs* cannot be at the domicile of the owner of the patent for it is an interest adverse to his and comes into play only when he asserts an exclusive right under the patent. It might as well be argued that a right to manufacture the patented article in England, when it is patented only in the United States, had a *situs* here and that the right of the English manufacturer could be determined in his absence by a suit against the American patentee.

The assumption that the right of the patentee has a *situs* is moreover unwarranted. The right is granted by the federal government and is as broad as its jurisdiction. It exists in California and Alaska as well as in New Jersey and has no *situs* in any particular state. Upon this subject the decisions of the federal courts must be followed. In *Stevens* v. *Gladding, 17 How. 447,* the court held in a copyright case that there was nothing in any act of congress or in the nature of the rights themselves to give them locality anywhere so as to subject them to the process of courts having jurisdiction limited by the lines of states and districts. The same reasoning applies to patent rights, as the supreme court of Massachusetts held in *Carver* v. *Peck, 131 Mass. 291.* In *Jewett* v. *Atwood Suspender Co., 100 Fed. Rep. 647,* a judge of an insolvency court in Vermont had assigned a patent belonging to the insolvent debtor; the complainant claiming title under that assignment sued for infringement and the defendant pleaded want of title to the patent in the complainant. The court said: "Patents can be reached under the Bankrupt law because they are wholly subject to the laws of the United States; they cannot be reached otherwise for debts except by proceedings which compel a personal assignment." In *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co., 24 N. E. Rep. 784,* the Massachusetts court sustained an assignment by a court officer of a patent belonging to a debtor under statutory proceedings for that purpose, but they rested the power upon the personal jurisdiction of the debtor. The court said: "A patent right is not like a material substance. So far as it has location at all, it is within every part of the United States. But it has no such location anywhere that a particular state can say this property is within my jurisdiction, I will not allow any other state to deal

with it, but I will control it by my own laws for the benefit of my own people." In the recent case of *P. H. & F. M. Roots Co. v. Decker, 127 N. W. Rep. 417*, the Minnesota court had to deal with the validity of an assignment from the patentee to his wife, both of whom were residents of Missouri. The attempt of counsel was to sustain the jurisdiction by reason of the fact that a Minnesota corporation was manufacturing the patented article and paying a royalty for the privilege. The court said: "The validity of the transfer of the letters patent from Decker to his wife is therefore the first essential question to be determined in the action. The government grants to an inventor the exclusive privilege of manufacturing and selling a certain named article. It is an incorporeal right, franchise or privilege attached to the person, protected by law as a property right, but having no *situs* separate from the individual who possesses it. This right may be transferred, in which case the assignee occupies the position of the patentee; but the character of the privilege remains the same. It follows that before the court can deprive an individual of this privilege, it must have complete jurisdiction of him personally. No statute could eliminate this requisite; for to permit a court in the absence of jurisdiction over defendant, personally, to determine his personal privileges, would not constitute due process, but would deprive one of property without notice or hearing." "An action to determine the ownership of letters patent is strictly *in personam*, jurisdiction to determine which must be obtained by personal service of process upon the defendant within the territorial limits of the court's jurisdiction." The case of *Hildreth v. Thibodeau, 71 N. E. Rep. 111*, is very similar to the case at bar. The title of the non-resident defendant to the letters patent was assailed as fraudulent; the jurisdiction of the Massachusetts court was sought to be sustained on the ground that the proceeding was *in rem*. The court, however, held: "To give jurisdiction over this patent it would be necessary to show that the title of Duff & Kitzmiller is fraudulent as against the plaintiff, or is subject to equities in his favor which give him a right to control the patent. Such proof is a condition precedent to the proper exercise by the court of any jurisdiction over the patent. To a suit to determine a question of this kind, the owners of record are

necessary parties. Jurisdiction over them, which will authorize a trial of the question, must be obtained before a court can deal directly with the patent as property."

The utmost claim that can be made under these cases is that our courts having jurisdiction of the New Jersey corporation can determine as against it the title to the patent and compel its assignment; but that is very different from determining in its favor the question of title without personal jurisdiction of the adverse claimant; the last two cases above cited are authority for the position that it cannot be done. Where there are adverse claims to the title and the *situs* depends upon the fiction that movables follow the person, the very question to be determined is who is the owner whose ownership draws to it the *situs*. If, in the present case, our courts have jurisdiction because one claimant of the patent right is domiciled here, the courts of New York would have jurisdiction if an adverse claimant was domiciled there. The existence of the claim does not determine the *situs* in any event; it can only be the rightfulness of the claim, and that rightfulness is the very point to be determined.

In *Amparo Mining Co.* v. *Fidelity Trust Co., 75 N. J. Eq. (5 Buch.) 555,* we held that so far as such intangible rights could be said to have a *situs,* it must be where they could be effectually dealt with. The right to be dealt with in the present case is a right of defence and not a right of action. The defendant, the Anthony Company, would never need to bring a suit against the American Combustion Company upon the license. That license is of moment when the owner of the patent asserts a right to enjoin the licensee; but the right of injunction can only be effectually dealt with in a jurisdiction where the licensee is subject to process and the method of dealing effectively with the license is by plea in defence of the action and by replication thereto averring its invalidity. If the courts of the domicile of the owner of the patent have jurisdiction in the absence of personal service upon one licensee they have jurisdiction over all licensees, no matter how numerous, and thus by virtue of the same *res,* have jurisdiction over licensees claiming under entirely distinct rights. This cannot be.

We think the vice-chancellor was right in denying the injunc-

tion. The order is affirmed, with costs. It is unnecessary to decide what decree may be made against the American Combustion Company since the injunction sought was against the non-resident defendants.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY —14.

*For reversal*—None.