TERESA C. MAHONEY, WINIFRED COTTINGHAM and JOSEPH H. MAHONEY, an infant, JOHN E. MAHONEY, an infant, and JOHN COTTINGHAM, an infant, by their next friend, MAXWELL MAHONEY, MAXWELL MAHONEY, Administrator of Robert Cottingham, deceased, and MAXWELL MAHONEY, Administrator of Thomas Cunningham, deceased,

*vs.*

MARGARET A. HEALY, MARGARET A. HEALY, Administratrix of Winifred Cottingham, deceased, and MARGARET A. HEALY, Executrix of Robert T. Cottingham, deceased.

*New Castle, June* 23, 1914.

Upon a bill brought by the grandchildren of a decedent to set aside certain transfers of property made by her in her lifetime, on the ground of undue influence and mental incapacity, an attorney was competent to testify whether he had visited deceased as to the making of her will, as bearing upon her mental condition, since the rule of privilege does not apply in litigation instituted after the death of the client, and where all the parties claim under the client.

Instructions to an attorney as to drawing a will are not privileged communications, in a contest to establish the will.

PETITION FOR RULE requiring a witness to appear and show cause why he should not be ordered to answer certain questions. (See, also, 9 *Del. Ch.* 273, 81 *Atl.* 583.) During the taking of testimony before the examiner appointed in this cause, John Biggs, Esq., an attorney at law, was produced as a witness and declined to answer certain questions because his knowledge of the matter inquired about was obtained while acting in a professional capacity. Upon certification by the examiner to the Chancellor of the testimony of the witness, the solicitor for the complainants presented a petition for a rule of this court requiring the witness to appear and show cause why he should not be ordered to answer the questions. The witness appeared *gratis* and assigned the above-stated rea-

son for declining to answer the questions and stated that he desired to be instructed as to how far his testimony should go.

*Charles W. Bush*, for the complainants.
*Hugh M. Morris*, for the defendants.

THE CHANCELLOR.   The bill was brought to set aside certain transfers of property made by Winifred Cottingham in her lifetime, it being claimed that the transfers were made through fraudulent influences•and that Winifred Cottingham was then mentally incompetent to make the transfer.   The suit was by grandchildren of Winifred Cottingham after her death.   See *Mahoney v. Healy*, 9 *Del. Ch.* 273, 81 *Atl.* 583.

As the mental capacity of Winifred Cottingham was in question, Mr. Biggs was asked whether he had visited Winifred Cottingham respecting the making of a will by her, and he declined to answer because his knowledge was gained while acting as her legal adviser.   No objection seems to have been made by counsel for the defendant to the questions, or to their being answered.   It was apparent that the purpose of the questions was to elicit evidence as to the mental condition of Winifred Cottingham.   At the hearing of the rule the question was argued as one of privileged communication between attorney and client.   It seems to be well settled, however, that the rule of privilege does not apply in litigation instituted after the death of the client where all the parties claim under the client.   *Russell v. Jackson*, 9 *Hare* 387, 392, 68 *Eng. Reprint* 558; *Glover v. Patten*, 165 *U. S.* 394; *Kern v. Kern*, 154 *Ind.* 29, 55 *N. E.* 1004; *In re Downing's Will*, 118 *Wis.* 581, 95 *N. W.* 876; *Norton v. Clark*, 253 *Ill.* 557, 565, 97 *N. E.* 1079; *Coates v. Semper*, 82 *Minn.* 460, 85 *N. W.* 217; *In re Layman's Will*, 40 *Minn.* 371, 42 *N. W.* 286; *Phillips v. Chase*, 201 *Mass.* 444, 87 *N. E.* 755, 131 *Am. St. Rep.* 406; *Doherty v. O'Callaghan*, 157 *Mass.* 90, 31 *N. E.* 726, 17 *L. R. A.* 188, *and note*, 34 *Am. St. Rep.* 258; *Wilkinson v. Service*, 249 *Ill.* 146, 94 *N. E.* 50, *Ann. Cas.* 1912A, 41.

In the case of *Glover v. Patten*, 165 *U. S.* 394, 406, the court said:

" * * * In a suit between devisees under a will, statements made by the deceased to counsel, respecting the execution of the will, or other similar document, are not privileged. While such communications might be privileged, if offered by third persons to establish claims against an estate, they are not within the reason of the rule requiring their exclusion, when the contest is between the heirs or next of kin."

This was an action by children to establish their rights as creditors of the estate of their deceased mother.

In *Russell v. Jackson,* 9 *Hare* 387, 68 *Eng. Reprint* 558, the court held that in testamentary dispositions the very foundations on which the rule protecting confidential disclosures proceeds seems to be wanting, where the contest is between parties all of whom claim under the testator.

In *Phillips v. Chase,* 201 *Mass.* 444, 449, 87 *N. E.* 755, 131 *Am. St. Rep.* 406 (1909), it was said:

"But where the controversy is not between an estate and persons claiming against it, but is to determine who shall take by succession the property of a deceased person, and both parties claim under him, the reason for the privilege [of a communication made to an attorney] does not exist, and neither can set up a claim of privilege against the other."

Instructions to an attorney as to drawing a will are not privileged communications in a contest to establish the will. *Wilkinson v. Service,* 249 *Ill.* 146, 150, 94 *N. E.* 50, *Ann. Cas.* 1912A, 41; *Norton v. Clark,* 253 *Ill.* 564, 97 *N. E.* 1079; *In re Downing's Will,* 118 *Wis.* 581, 95 *N. W.* 876; *Coates v. Semper,* 82 *Minn.* 460, 85 *N. W.* 217.

There are no cases in Delaware which have a real bearing on the question here raised. In this case the rule of privilege does not apply. All the complainants are grandchildren of Winifred Cottingham and claim under her, and are seeking to set aside transfers made by her. Margaret A. Healy, the real defendant, is a daughter of Winifred Cottingham. If the transfer is set aside the parties complainant and defendant will get their shares of the property transferred. Testimony as to statements and conduct of Winifred Cottingham, if otherwise admissible in evidence, are not to be excluded because the person to prove them is the one who received his knowledge as her

attorney, and in the course of his professional transactions with her. No sufficient reason has been shown why the questions should not have been answered by the witness. The complainants are entitled to have the rule made absolute.

Let an order be entered accordingly.