## ELLA WHITBY v. MARY MOTZ.[1]

February 20, 1914.

Nos. 18,416—(220).

**Will — omission of child — parol evidence.**
1. Under section 7260, G. S. 1913, which provides that, if a parent omit to provide for a child in his will, such child shall take the same share of the estate which he would have taken if such parent had died intestate, "unless it appears that such omission was intentional," parol testimony is admissible to show that such omission was intentional.

**Burden of proof.**
2. The burden is upon those claiming that such omission was intentional to prove such fact.

**Finding not sustained by evidence.**
3. The evidence in this case raised a question of fact as to whether her father intentionally omitted to provide for appellant and is sufficient to sustain the finding of the trial court.

Ella Whitby petitioned the probate court for Wabasha county that in its final decree in the matter of the estate of George Motz, deceased, it assign to her such portion of the estate of decedent as though he had died intestate, petitioner being a daughter and having been omitted from the last will and testament of decedent, and it not appearing that such omission was intentional. Mary Motz, the executrix and residuary legatee of the estate, objected. Ella Whitby, having been omitted from any share of the estate by the terms of the final decree, appealed therefrom to the district court for Wabasha county. The appeal was heard before Snow, J., who made findings and ordered judgment affirming the final decree of the probate court. From an order denying her motion for a new trial, Ella Whitby appealed. Affirmed.

*A. J. Rockne,* for appellant.
*Michael Marx,* for respondent.

1 Reported in 145 N. W. 623.

Taylor, C.

George Motz and the mother of appellant were married in 1885, and lived together as husband and wife until 1891 when they separated. Appellant was born a few months after the separation and is their only child. Subsequently Motz obtained a divorce on the ground of desertion, and, on September 14, 1897, married the respondent Mary Motz, with whom he lived until his death on August 9, 1911. He left a will by which he gave the respondent all his property except one horse. Appellant was not mentioned or referred to in the will. After it had been admitted to probate, appellant made an application to the probate court for a share of the property on the ground that she was a pretermitted child, and as such entitled thereto under the statutes making provision for pretermitted children.

The probate court rejected her claim and entered a final decree assigning the property in accordance with the terms of the will. She appealed therefrom to the district court where, after a trial de novo, the judgment of the probate court was affirmed. A further appeal brings the case before this court.

From the parol testimony offered by respondent and received in evidence by the court, the court found as a fact "that said omission to provide for appellant in said last will and testament or to mention her name therein was intentional and not occasioned by accident or mistake."

Appellant insists: (1) That such parol testimony was not admissible and that the question as to whether she was intentionally omitted must be determined solely from the will itself; (2) that the evidence is not sufficient to sustain the above finding, even if such parol testimony were admissible.

1. The legislation making provision for omitted children appears to have originated in Massachusetts, and Minnesota appears to have taken her original statutes on the subject from Wisconsin. They appear in the revised statutes of 1851, and, with an unimportant change in verbiage, in the general statutes of 1866; and consist of two sections which, in the revision of 1866, read as follows:

"When any child is born after the making of his parent's will, and no provision is made therein for him, such child shall have the same

share in the estate of the testator as if he had died intestate, and the share of such child shall be assigned to him, as provided by law in case of intestate estates, unless it is apparent from the will that it was the intention of the testator that no provision should be made for such child." Section 22, c. 47, G. S. 1866.

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, and it appears that such omission was not intentional, but was made by mistake or accident, such child, or the issue of such child, shall have the same share in the estate of the testator, as if he had died intestate, to be assigned as provided in the preceding section." Section 23, c. 47, G. S. 1866.

Under section 22 a child born after the making of the will cannot be disinherited, unless the will itself shows that such was the intention of the parent. In the cases governed by section 23 there was no restriction as to the evidence by which the omitted child or grandchild may show that such omission was unintentional. There are obvious reasons why the questions arising under this section should not be determined solely from an inspection of the will itself. This section casts upon the omitted child or grandchild the burden of showing that such omission was not intentional. Such fact would seldom appear from the will itself. As said in Case v. Young, 3 Minn. 140 (209), among the cases which the legislature had in mind in enacting this statute are those in which the child was omitted under the belief that he was dead, and those in which the grandchildren were omitted because the testator was ignorant of their existence. Children and grandchildren not referred to for these reasons would be absolutely barred were evidence *dehors* the will excluded. That parol testimony is admissible under such a statute is implied in Case v. Young, supra, and has been directly decided in Wisconsin, from which our statute was derived, and in Michigan and Nebraska. Moon v. Estate of Evans, 69 Wis. 667, 35 N. W. 20; Re Estate of Stebbins, 94 Mich. 304, 54 N. W. 159, 34 Am St. 345; Brown v. Brown, 71 Neb. 200, 98 N. W. 718, 115 Am St. 568, 8 Ann. Cas. 632.

In the revised laws of 1905 our statutes were changed so as to read as follows:

"If any child of a testator, born after the death of such testator, has no provision made for him by his father in his will or otherwise, he shall take the same share of his father's estate that he would have taken if the father had died intestate." Section 3668, R. L. 1905 (Section 7259, G. S. 1913).

"If a testator omits to provide in his will for any of his children or the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate, unless it appears that such omission was intentional, and not occasioned by accident or mistake." Section 3669, R. L. 1905 (Section 7260, G. S. 1913).

While perhaps not material here, certain substantial changes made in the first section, by the revision of 1905, may be noted. That section no longer applies to children born after the making of the will and before the death of the testator, but only to posthumous children. The power to disinherit a posthumous child entirely is taken away, and the right of such child to inherit is absolute, unless the father has made provision for it "in his will or otherwise." If provision has been made for such child otherwise than by will, the statute contains no restriction as to the manner in which that fact may be shown.

The second section is so changed that the right of a pretermitted child to inherit is absolute, "unless it appears that such omission was intentional, and not occasioned by accident or mistake." Under the original statute the burden was upon the omitted child to show that such omission was unintentional. Under the present statute, when it appears that a child has been omitted, the burden is upon those who claim that such omission was intentional, to establish that fact. The statute contains no restriction as to the manner in which such fact may be shown. Appellant, however, insists that the statute should be construed as if it provided that an omitted child should inherit, "unless it appears *from the will* that such omission was intentional." In other words that the court, in effect, should interpolate the words italicised. It is difficult and frequently impossible to prove the in-

tention of the testator. The legislature has shifted the burden of doing this from the child to the adverse party. If it had intended to go further and to limit the evidence upon the question to the will itself, it would, doubtless, have used appropriate language to express that intention.

Other courts, in construing statutes substantially the same as our present statute, hold that parol evidence is admissible for the purpose of showing that such child was intentionally omitted. Coulam v. Doull, 133 U. S. 216, 10 Sup. Ct. 253, 33 L. ed. 596; Wilson v. Fosket, 6 Metc. (Mass.) 400, 39 Am. Dec. 736; Converse v. Wales, 4 Allen, 512; Ramsdill v. Wentworth, 101 Mass. 125; Lorieux v. Keller, 5 Iowa, 196, 68 Am. Dec. 696; Whittemore v. Russell, 80 Me. 297, 14 Atl. 197, 6 Am. St. 200; Re Atwood's Estate, 14 Utah, 1, 45 Pac. 1036; Schultz v. Schultz, 19 N. D. 688, 125 N. W. 555.

The only court cited by appellant which excludes parol testimony under a similar statute is the supreme court of California. In the Estate of Garraud, 35 Cal. 336, the California court attempted to make a distinction between the statute of that state and the statute of Massachusetts, and as a result of that distinction declined to follow the Massachusetts rule, and held that parol evidence was not admissible. This decision has been followed in the subsequent cases in that state. Re Stevens Estate, 83 Cal. 322, 23 Pac. 379, 17 Am. St. 252; Rhoton v. Blevin, 99 Cal. 645, 34 Pac. 513; Re Salmon's Estate, 107 Cal. 614, 40 Pac. 1030, 48 Am. St. 164. In Coulam v. Doull, supra, the Supreme Court of the United States, in construing the statute of Utah copied from that of California, criticised and declined to follow the California rule, and followed that adopted by Massachusetts where the statute originated.

As authority for the proposition that parol evidence is not admissible, appellant also cites decisions of the courts of Missouri, New Hampshire, Oregon, Rhode Island, Tennessee, and Washington. These courts hold that parol evidence is not admissible under the statutes of those states. But those statutes do not contain the provision here in question, and are so materially different from our own statute that decisions construing them are not in point.

As the legislature, without indicating any intention to exclude

parol evidence, changed our statute to its present form after the great weight of authority had determined that such evidence was admissible under similar statutes, the court cannot read into the statute the restriction urged by appellant, and it follows that the ruling of the trial court was correct.

2. The trial court found from the evidence that the failure to make any provision for the appellant was intentional on the part of the testator and not occasioned by accident or mistake. It is not necessary to discuss the testimony in detail, and we will merely say that it tended to show that the testator believed that the appellant was a spurious child and not his own, and that they had never communicated with or seen each other. The evidence clearly raised a question of fact; and is sufficient to sustain the finding of the trial court.

The order appealed from is affirmed.