INEZ MARGARET BAKKE v. BERT BAKKE.[1]

July 13, 1928.

No. 26,726.

**Omission of child from parent's will presumed to be unintentional.**

An adopted child has the same property rights as a natural child. When the name of either is omitted from the will of the parent, the presumption is that the omission was not intentional and was occasioned by accident or mistake, and such child will inherit as if the parent had died intestate. The burden of proof is upon the one claiming that the omission was intentional and not occasioned by accident or mistake. Evidence examined and found to sustain the verdict.

Adoption of Children, 1 C. J. p. 1398 n. 98; p. 1399 n. 11.
Descent and Distribution, 18 C. J. p. 839 n. 88; p. 841 n. 24; p. 842 n. 36.

---

See note in 51 L.R.A.(N.S.) 646.
See note in L. R. A. 1916D, 424; 1 R. C. L. 620; 1 R. C. L. Supp. 220.

Action in the district court for Norman county by Cora N. Forseth as guardian of Inez Margaret Bakke, the adopted minor daughter of Edward Bakke, to recover of Bert Bakke, as administrator of the estate of Edward Bakke, Inez's share of her father's estate. The jury answered in the negative the question submitted to them, whether Edward Bakke's omission to make provision in his will for his daughter was intentional; and the defendant appealed from an order, Watts, J. denying his motion for a new trial. Affirmed.

*O. J. Ostensoe, Christian G. Dosland* and *Goodwin LeRoy Dosland,* for appellant.

*Fred A. Ossanna, E. J. Culhane* and *Joseph P. Schmauss,* for respondent.

[1]Reported in 220 N. W. 601.

HILTON, J.

Appeal from an order denying a motion for a new trial.

Edward Bakke and his wife, having no children of their own, legally adopted Inez Margaret, a two-year old girl, in 1923. Mrs. Bakke died March 17, 1925, was buried on March 19, and Mr. Bakke died the next morning. He had been in declining health for some time and at the time of and immediately prior to his death was suffering with pneumonia, tuberculosis and diabetes. On the evening before his death, while in a critical condition, he made a will, signing it with his mark though accustomed to writing and signing his name. This will was drawn by one of the attorneys for defendant. In the will no mention was made of the adopted daughter.

The will, after providing for the payment of his just debts and funeral expenses and for the erection of a monument and for one bequest of $50 and another of $25, gave a dwelling house to one brother and the remainder of his property to another brother. The will was admitted to probate without contest. Objection was interposed by the guardian of Inez to the allowance of the final account on the ground that she was the only heir at law of the deceased and that the omission of her name in the will was not intentional, and asked that the property of the estate be decreed to her. The petition was denied and an appeal taken to the district court. It was stipulated that a specific question of fact should be submitted to the jury as to whether the omission referred to was intentional. The question submitted was: "Was the omission of Edward Bakke to make any provision in his last will and testament for his child, Inez Margaret Bakke, intentional and not occasioned by accident or mistake?" The jury answered, "No." A motion for a new trial was granted and the case tried again before the same judge and another jury, resulting in a like answer to the same question.

1. The sole question before the court and jury, and the one raised by the assignments of error here, is: Did the testator intentionally omit to provide for Inez Margaret in his will and hence to disinherit her? Two juries answered in the negative, and the trial court confirmed that conclusion. The property rights of

an adopted child in this state are the same as those of a natural child. Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L. R. A. 1916D, 421. G. S. 1923, § 8745, provides:

"If a testator omits to provide in his will for any of his children or the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate, unless it appears that such omission was intentional, and not occasioned by accident or mistake."

Those claiming that such omission was intentional and not occasioned by accident or mistake must bear the burden of proving such fact. Whitby v. Motz, 125 Minn. 40, 43, 145 N. W. 623, 51 L.R.A. (N.S.) 645.

Evidence was received as to the circumstances surrounding the execution of the will, the condition of the testator, conversations had at the time of its execution, as well as on previous occasions. Notwithstanding the directness of some of the testimony on behalf of the defense and the inferences that might properly be drawn therefrom, the situation was such that the jury had a right to reach the conclusion that it did. It cannot be said as a matter of law that an affirmative answer should have been given by the jury to the question asked. It was a question of fact for its determination. Its conclusion must stand. No good end would be subserved by a recital in detail of the evidence. No errors are assigned as to the rulings of the court on the admission of evidence. We find no error in the charge.

Order affirmed.

WILSON, C. J. (dissenting).

The statute creates a presumption which serves as a prima facie case for the child. It does no more. The intention of the testator must control. What was his intention? The purpose of the statutory presumption is to protect the child against oversight or inadvertent omission.

The presumption, having the effect to make a prima facie case, is rebuttable. Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276;

Schultz v. Schultz, 19 N. D. 688, 125 N. W. 555. It may be rebutted by parol testimony. Whitby v. Motz, 125 Minn. 40, 145 N. W. 623, 51 L.R.A.(N.S.) 645.

The statute creates a rule of evidence. It is destroyed by direct and positive proof that the omission was intentional. It seems to me that the uncontradicted and unimpeached evidence shows conclusively that the omission was intentional. The testimony of the witnesses should control as a matter of law within the well established rule which requires the acceptance of unimpeached testimony.

After deceased told attorney Ostensoe what he wished put in the will, this talk occurred: Ostensoe: "Why, Ed, you have left out your little girl Margaret." Bakke: "Yes, I know. Mr. Skauge has agreed to take her back and see that she has a good home." Ostensoe: "Ed, don't you know that in case you should die and not leave any will that your daughter Margaret would be entitled to all of the property as a matter of law?" Bakke: "Yes, I understand that, but this is the way I want it."

Bakke had asked Mr. Skauge to take Margaret back to the home from which she had come, and Skauge reminded him that the child was his and that his relatives should care for her, but he added: "If need be don't worry over Margaret, I am here, and it is my duty to look after girls of that kind." Skauge so testified. The testator told Ostensoe in substance that Mr. Skauge had agreed to take Margaret back (she had come from a home for which Mr. Skauge in some way acted) and see that she would have a good home.

There is nothing in the record to discredit either of these witnesses aside from the fact that one was one of the attorneys in the case—an incident of no importance, since mere interest of a witness as a party does not permit the jury to discredit him. On the contrary, it should be presumed that one who is on our roll as a lawyer will faithfully and honestly perform his professional duty.

I am unable to find any evidence in the record to take the question to the jury or to support the finding.