# IN RE ESTATE OF WILLIAM WUNSCH.[1]

April 12, 1929.

No. 27,148.

A. L. Hokenson, Fred Jensen and Schwartz & Halpern, for appellant.

S. S. Flaherty and F. C. Anderson, for respondents.

[1]Reported in 225 N. W. 109.

HOLT, J.

Appellant petitioned the probate court in the estate of William Wunsch to have one-seventh of the residue of the estate assigned to him on the ground that his grandfather, the deceased, had omitted to provide for him in his will. The petition was denied, and on appeal to the district court the finding was made that the testator omitted to provide in his will for appellant, but that said omission was intentional and was not occasioned by any accident or mistake. From an order denying his motion for a new trial, this appeal is prosecuted.

We see no merit in the refusal to have the issue submitted to a jury. It was properly a court case. The fact that a son of the judge appeared for the respondents furnished no legal ground for submitting the issue to a jury, nor for the requested change of venue or the calling for another judge to try the case, first made when it was reached for trial. There is one judge only in the judicial district in question, and the provision (G. S. 1923, § 9221, as amended by L. 1927, p. 399, c. 283, 2 Mason Minn. St. id.) for filing an affidavit of prejudice was not available to appellant.

The appeal raises two questions: (a) Was evidence of the attorney who drew and witnessed the will properly received? and (b) is the evidence sufficient to sustain the finding that the testator intentionally omitted appellant from the will?

It appears that the deceased came to Judge Beise and instructed him to draw the will. According to such instructions the will was drawn and a day or two thereafter it was executed, Judge Beise being one of the attesting witnesses. At this trial Judge Beise was called by the executrices of the estate and, after testifying that he prepared the will and that the deceased gave him data and instructions, he was asked this question:

"And at that time did he have any conversation with you relative to whether or not it would be necessary for him to include in his will the name of Albert Wunsch, or either of the sons of Albert Wunsch? Objected to on the ground that it is incompetent. A

conversation by a client to an attorney, which is privileged testimony, cannot be given without consent of the client."

The objection was overruled. It may be doubtful whether this objection covers some of the nice distinctions which appellant's attorney seems to urge that the conversation called for did not take place at the moment the will was signed and attested. Whatever was said by decedent was to enable Beise to prepare the will so as to dispose of testator's property to those he had determined should have it. It was a necessary part of making his will since he did not undertake to draw it himself.

In this state it is settled that oral testimony is competent to prove intentional pretermission [G. S. 1923 (2 Mason, 1927) § 8745]. Whitby v. Motz, 125 Minn. 40, 145 N. W. 623, 51 L.R.A. (N.S.) 645, and cases therein cited. We take the rule to be established in this court that an attorney who prepares and attests a will is by his client, the testator, impliedly authorized to testify as to communications touching the will whenever its validity and effect are questioned in court. Here appellant asserts that one-seventh of the estate is not to be disposed of as the will directs. In In re Layman's Will, 40 Minn. 371, 372, 42 N. W. 286, the court, speaking of the secrecy enjoined by G. S. 1923 (2 Mason, 1927) § 9814 (2), says:

"The object of the rule, so far as it relates to this class of communications, being the protection of the estate, there remains no reason for continuing it when the very foundation upon which it proceeds is wanting."

And the attorney who had drawn the will over objection on the ground of privilege was held to have been properly permitted to testify as to communications with his client, the testator. This case was followed in Coates v. Semper, 82 Minn. 460, 85 N. W. 217. With respect to a similar provision [§ 9814 (4)] relating to information received by a physician from his patient, this court held the representative of the patient, he being dead, could waive the privilege, saying:

"Upon principal and what seems to be the weight of judicial authority, we hold that the statute in question is for the protection of the patient, and he may waive the privilege if he sees fit, and that, as a general rule, those who represent him after his death may also waive the privilege, for the protection of interests which they claim under him." Olson v. Court of Honor, 100 Minn. 117, 124, 110 N. W. 374, 8 L.R.A.(N.S.) 521, 117 A. S. R. 676, 10 Ann Cas. 622.

In Glover v. Patten, 165 U. S. 394, 406, 17 S. Ct. 411, 41 L. ed. 760, the court said:

"But whatever view be taken of the facts, we are of opinion that, in a suit between devisees under a will, statements made by the deceased to counsel respecting the execution of the will, or other similar document, are not privileged. While such communications might be privileged, if offered by third persons to establish claims against an estate, they are not within the reason of the rule requiring their exclusion, when the contest is between the heirs or next of kin."

In the opinion is found this quotation from Blackburn v. Crawfords, 3 Wall. 175, 194, 18 L. ed. 186:

"The client may waive the protection of the rule. The waiver may be expressed or implied. We think it as effectual here by implication as the most explicit language could have made it. It could have been no clearer if the client had expressly enjoined it upon the attorney to give this testimony whenever the truth of his testamentary declaration should be challenged by any of those to whom it related. A different result would involve a perversion of the rule, inconsistent with its object, and in direct conflict with the reasons upon which it is founded."

In the Blackburn case, 3 Wall. 175, 18 L. ed. 186, an attorney who drew the will for the alleged husband was held properly to have been allowed to testify as to what testator said in interviews with the attorney preceding and in connection with the drawing of the will touching the character of the children and his relations to their mother.

Among cases in other jurisdictions upholding our conclusion that Judge Beise's testimony was properly received we cite: Bradway v. Thompson, 139 Ark. 542, 214 S. W. 27; In re Estate of Nelson, 132 Cal. 182, 64 P. 294; O'Brien v. Spalding, 102 Ga. 490, 31 S. E. 100, 66 A. S. R. 202; Scott v. Harris, 113 Ill. 447; Kern v. Kern, 154 Ind. 29, 55 N. E. 1004; Denning v. Butcher, 91 Iowa, 425, 59 N. W. 69; Cunningham v. Cunningham, 107 Kan. 318, 191 P. 294; Benzinger v. Hemler, 134 Md. 581, 107 A. 355; Doherty v. O'Callaghan, 157 Mass. 90, 31 N. E. 726, 17 L. R. A. 188, 34 A. S. R. 258; Brooks v. Holden, 175 Mass. 137, 55 N. E. 802; Phillips v. Chase, 201 Mass. 444, 87 N. E. 755, 131 A. S. R. 406; In re Loree's Estate, 158 Mich. 372, 122 N. W. 623; Thompson v. Ish, 99 Mo. 160, 12 S. W. 510, 17 A. S. R. 552; Brown v. Brown, 77 Neb. 125, 108 N. W. 180; Matter of Coleman, 111 N. Y. 220, 19 N. E. 71; In re Young's Estate, 33 Utah, 382, 94 P. 731, 17 L.R.A. (N.S.) 108, 126 A. S. R. 843, 14 Ann. Cas. 596; McMaster v. Scriven, 85 Wis. 162, 55 N. W. 149, 39 A. S. R. 838; In re Downing's Will, 118 Wis. 581, 95 N. W. 876. Such authorities on evidence as Jones and Wigmore are to the same effect. 5 Jones, Com. on Ev. (2 ed.) §§ 2163 and 2172; 5 Wigmore, Ev. (2 ed.) §§ 2314, 2315, 2329 and 2475.

The author to the annotations of In re Young's Estate in 17 L.R.A. (N.S.) 108, sums up the decisions thus:

"It may be laid down as a general rule of law, gathered from all the authorities, that, unless provided otherwise by statute, communications by a client to the attorney who drafted his will in respect to that document, and all transactions occurring between them leading up to its execution, are not, after the client's death, within the protection of the rule as to privileged communications, in a suit between the testator's devisees and heirs at law, or other parties who all claim under him."

There are decisions which do not go to this extent. Knepper v. Knepper, 103 Ohio St. 529, 134 N. E. 476; Collins v. Collins, 110 Ohio St. 105, 143 N. E. 561, 38 A. L. R. 230; but the Ohio statute differs somewhat from ours. The testimony of Judge Beise was properly received.

No useful purpose would be served by setting out the evidence in support of the finding that appellant was intentionally omitted from the provisions of his grandfather's will. Judge Beise testified directly and positively that testator's express direction was to exclude appellant from any share, one reason being that appellant's father during his lifetime had received more than his share, and another reason was an antipathy towards appellant for his parents' error.

The order is affirmed.

STONE, J. took no part.