BROWN v. BLESCH.

1. ADOPTION.

Adoption is statutory.

2. SAME—DECLARATION—EFFECT.

Declaration of adoption which stated that man and wife in-
tended to make child their heir and expressed desire to have
her bear family name *held*, not to entitle child to a definite
part of the estate of the foster parents, nor to have been made
as a separate contract, but merely to bring about a legal adop-
tion with the incidents thereto provided by statute and it be-
came merged in order of probate court upon completion of
adoption (3 Comp. Laws 1929, § 15955).

3. SAME—RIGHTS OF CHILD ADOPTED—DISINHERITANCE.

Under statute relating to adoption, adopted child acquires prop-
erty rights equal to, but not greater than, a natural child, and
is, therefore, subject to disinheritance by will (3 Comp. Laws
1929, §§ 15550, 15955).

4. DESCENT AND DISTRIBUTION—PRETERMITTED HEIR—BURDEN OF
PROOF.

The burden of proof is on a pretermitted heir to show that the
omission was unintentional and by mistake or accident
(3 Comp. Laws 1929, § 15550).

5. SAME—EVIDENCE—INTENT.

In suit by adopted daughter for specific performance of an al-
leged contract to make her an heir of her foster parents and
for relief as a pretermitted heir evidence that she was omitted
in previous wills and that foster father had sought to remove
the adoption papers from the probate office after making care-
fully thought out will *held*, to demonstrate that pretermission
of plaintiff, who had moved to a distant State and made but
infrequent visits to foster parents in course of 25 years, was
intentional (3 Comp. Laws 1929, §§ 15550, 15955).

6. SAME—DISINHERITANCE.

Testators need not disclose their reasons for disinheriting their
heirs (3 Comp. Laws 1929, § 15550).

7. WILLS—SETTING ASIDE.

A will cannot be set aside or modified for equities.

Appeal from Menominee; Bell (Frank A.), J. Submitted January 11, 1935. (Docket No. 76, Calendar No. 37,924.) Decided March 5, 1935.

Bill by May Brown against Gustavus A. Blesch and John E. Jones, executors of the will of Magnus Nelson and Sophia Nelson, for specific performance of an alleged contract to make plaintiff an heir and for other relief. Swedish Evangelical Lutheran Bethel Church, a Michigan corporation, and others, beneficiaries under the joint will, intervened as defendants. Bill dismissed. Plaintiff appeals. Affirmed.

*Meredith P. Sawyer* (*F. J. Trudell,* of counsel), for plaintiff.

*George Barstow,* for defendants.

*H. J. Rushton,* for interveners.

FEAD, J. On November 30, 1889, plaintiff, then six years old and named Mary Christianson, was legally adopted by Magnus and Sophia Nelson. Plaintiff's mother was dead. The declaration of adoption, signed by the Nelsons and plaintiff's father, declared on the part of the Nelsons:

"That we, Magnus Nelson and Sophia Nelson, his wife, do hereby declare that Mary Christianson, * * * is adopted by us, and each of us, as our child, and that we intend to make such child so adopted, our heir and the heir of each of us, and desire that such child shall hereafter bear our family name, to-wit: the name of May Nelson. * * * and we do hereby request the judge of probate of Menominee and State of Michigan, to make and enter in the journal of said court an order that the said Magnus Nelson and Sophia Nelson, his wife, do stand in the

place of parents to said child and that said child be their heir at law and that the name of such child be changed as aforesaid in accordance with the provisions of the statutes in such case made and provided.''

Laurenz Christianson, plaintiff's father, executed the instrument:

''For the purpose of giving my consent in writing to the adoption and change of name of said child as aforesaid, and that such child may become the heir at law of said parties so adopting her.''

The probate court entered an order reciting the substance of the declaration and decreeing:

''That said Magnus Nelson and Sophia Nelson do stand in the place of parents of said Mary Christianson and that the name of said Mary Christianson be changed from Mary Christianson to May Nelson and that said May Nelson be and become the heir at law of said Magnus Nelson and Sophia Nelson with all the rights, privileges and duties appertaining thereto, as provided by law.''

The adoption was had under 3 How. Stat. § 6379a, which declared the effect to be:

''The said person or persons so adopting such child shall thereupon stand in the place of a parent or parents to such child in law, and be liable to all the duties and entitled to all the rights of parents thereto, and such child shall thereupon become an heir at law of such persons, the same as if he or she were in fact the child of such person or persons.''

With inconsequential change in verbiage, this part of the statute has been reenacted and is still in force. 3 Comp. Laws 1929, § 15955.

Magnus Nelson died July 12, 1931, leaving a will executed jointly with his wife on October 30, 1929, in which no devise or bequest was made to plaintiff.

Plaintiff brought this action in chancery for specific performance upon the theory that the adoption papers constituted a contract to make her an heir entitled to the estate which would have passed to her had Nelson died intestate. She also seeks relief as a pretermitted heir. The court entered decree dismissing the bill.

Plaintiff relies on *Chehak* v. *Battles,* 133 Iowa, 107 (110 N. W. 330, 8 L. R. A. [N. S.] 1130, 12 Ann. Cas. 140), in which ineffective adoption proceedings were held to constitute a contract to give plaintiff an heir's share of an intestate estate and was specifically so enforced. The Iowa court cited *Wright* v. *Wright,* 99 Mich. 170 (23 L. R. A. 196), as sustaining such remedy but referred to *Albring* v. *Ward,* 137 Mich. 352, and *Bowins* v. *English,* 138 Mich. 178, as opposed thereto. We need not discuss the cases because they involved inoperative, not completed, adoption proceedings.

Adoption is statutory. The declaration did not purport to entitle plaintiff to a definite part of the Nelson estate. Nor was it made as a separate contract. Its purpose was to bring about a legal adoption, with the incidents provided by statute, it was a step in the statutory proceedings therefor, and, when adoption was completed by order of the court, the declaration merged therein and the law fixed the effect. Under the statute, plaintiff acquired property rights, as an heir at law of the Nelsons, equal to those of a natural child, but no more. As in case of a natural child, the relationship did not prevent her disinheritance by will.

Section 15550, 3 Comp. Laws 1929, reads:

"When any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake or accident, such child, or the issue of such child, shall have the same share in the estate of the testator as if he had died intestate, to be assigned as provided in the preceding section."

In *Re Estate of Stebbins,* 94 Mich. 304 (34 Am. St. Rep. 345), it was held that mention of a child in a will, but not carrying a substantial gift, does not, as a matter of law, preclude him from claiming that the testator unintentionally and by mistake or accident omitted to provide for him, but the question is one of fact under the circumstances. A dissenting opinion pointed out, as is evident from the language of the statute and was not denied in the majority opinion, that the burden of proof is on the disinherited person to show that the omission was unintentional and by mistake or accident. *Brown* v. *Brown,* 71 Neb. 200 (98 N. W. 718, 115 Am. St. Rep. 568, 8 Ann. Cas. 632); *Whitby* v. *Motz,* 125 Minn. 40 (145 N. W. 623, 51 L. R. A. [N. S.] 645).

Plaintiff lived with the Nelsons until she married, at 20 years of age. She and her husband lived on the Nelson farm for two years, moved to another farm where they resided one and a half years, when they went to Texas, where they have remained since. In about 25 years plaintiff has visited the Nelson home two or three times.

The will demonstrates that it was carefully thought out with plaintiff in mind. After providing life estate to the survivor, it made bequests to two

friends, the adopted daughter of a friend, two nieces, two nephews, a grandniece, and a large sum to a local church, with residue to a charitable institution. It provided for the erection of a marker on the grave of "Ellen Sofia Brown, child of our daughter, Mrs. R. F. Brown." The Nelsons had executed other wills since 1925, in none of which had they made other reference to plaintiff. Some months after the instant will was made Mr. Nelson asked at the probate office "to take out the adoption papers."

It is true that the testimony does not indicate a reason for plaintiff's disinheritance. But testators need not disclose their reasons. Nor can a will be set aside or modified for equities.

Not only has plaintiff failed to sustain the burden of proof, but the preponderance of the evidence is that her disinheritance was intentional.

Decree affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.