## IN RE ESTATE OF DAVID BURTON.
## DOROTHY PALMER JERREL, APPELLANT.[1]

July 22, 1938.

No. 31,669.

*Murphy, Johanson & Winter,* for appellant.

*Lewis E. Jones,* for respondent Jared Burton.

[1]Reported in 281 N. W. 1.

HOLT, JUSTICE.

Jared Burton, one of respondents, filed a claim in the probate court against the estate of David Burton, deceased, which was allowed in the sum of $1,306.70. Dorothy Palmer Jerrel appealed from such allowance to the district court. On motion of Jared Burton the appeal was dismissed, and Dorothy Palmer Jerrel appeals from the order of dismissal.

The facts are these: David Burton died testate, a resident of Traverse county, this state. His will was duly presented for probate. Had there been no will the only legal heirs would have been respondent Jared Burton and Grace Berg, the only living children of testator, and Dorothy Palmer Jerrel, the sole living issue of a deceased daughter. Jerrel was not mentioned in the will, and she filed objections to its probate. By an agreement entered into by and between these three legal heirs, dated April 6, 1937, Jerrel withdrew all objections to the probate of the will, which was duly admitted. Notice to creditors to file claims was duly given July 9, 1937. The claim in dispute of Jared Burton was filed, and by order filed July 14, 1937, allowed. Jerrel requested the administrator to appeal, and upon his refusal she appealed August 13, 1937, to the district court. Upon the motion of Jared Burton the court dismissed the appeal on the ground that the appellant Jerrel was not an aggrieved party, on the facts, as appears from the record and files.

Appellant contends that she was a party aggrieved by the order allowing the claim of Jared. Even though she had withdrawn her objections to the probate of the will, she nevertheless claims that she was entitled to share in the estate under 3 Mason Minn. St. 1938 Supp. § 8992-42, reading:

"If a testator omits to provide in his will for any of his children or the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate unless it appears that such omission was intentional and not occasioned by accident or mistake."

She could make claim to her share at any time before a decree of distribution was rendered, and when so made the burden would be upon those claiming under the terms of the will to prove that her omission as beneficiary under the will was intentional on the part of the testator. Bakke v. Bakke, 175 Minn. 193, 220 N. W. 601. Respondent, however, contends that since appellant entered into a written contract with respondent and his sister as to a division of the estate, that contract governs the rights of the parties and is enforceable only in the district court.

It is only necessary to call attention to some of the terms of the contract. It provides that respondent and his sister convey to appellant certain real property of the deceased in Traverse county and a house and lot in Algona, Iowa, and that the representative of deceased probate said Algona property. Deeds made by deceased to certain relatives are confirmed; and, further, it was agreed that, exclusive of the foregoing, all the rest of the property left by decedent, "including the Texas land, shall be distributed in said probate proceedings under the will as residue and that said residue shall be divided equally among said Jared Burton, Grace Berg and Dorothy Palmer Jerrel; it is further agreed and understood that upon the final distribution of the estate of said deceased there shall be paid to said Dorothy Palmer Jerrel by the said Jared Burton and Grace Berg each the sum of $750.00 and the respective shares of said Jared Burton and Grace Berg of said residue is hereby charged with the payment thereof and the same is hereby made a lien thereon to the extent of $750.00 each * * *; it is further agreed that the probate court may assign by the final decree of distribution in the estate of said deceased to said third party [Jerrel] as the omitted issue of a deceased child a one-third interest in all of said residue of said estate." There is a further provision that Jared and Grace shall convey to Jerrel an undivided one-third interest in all of said residue of the property in said estate, "subject to administration," including Texas lands, options, oil and mineral and other rents and rights in connection therewith. There is no agreement in respect to claims against the estate.

This contract may be termed a family settlement insofar as certain property of the estate was concerned. It contemplated administration of the estate in the proper probate courts. This, of course, includes giving creditors of decedent the opportunity to file and assert their lawful claims against the estate. After payment of administration expenses and claims allowed, including that of $1,500 to appellant, the residue is to be equally divided between the three legal heirs of deceased. There has so far been no breach of this contract. All parties recognize it as binding. That being so, it seems clear to us that each and every one of the parties to the agreement had such an interest in the residue of the estate that he or she would be an aggrieved party by an order of the probate court allowing an improper claim against the estate. As a pretermitted grandchild, in the absence of this contract, appellant was interested in the estate so that she could object to the allowance of an improper claim and appeal as one aggrieved from an order allowing it. There is nothing in the contract that in any manner affects this right. Every claim allowed diminishes the residue. A pretermitted child or grandchild must assert his rights in probate court before final decree of distribution. Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L. R. A. 1916D, 421. Respondent cites O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914, on the proposition that appellant's remedy is to be sought in the district court; but even in that case the district court refused to enforce an antenuptial agreement while the estate of the deceased husband was under the jurisdiction of the probate court and that court had not determined that the best interests of the estate warranted the setting aside of the fund contemplated by the contract. In the instant case the residue for division cannot be determined until the claims filed against the estate are properly adjudicated. It is to be noted also that there is to be found in this contract no provision against any one of the three parties filing and asserting a claim against the estate. There is no intimation therein that respondent had a claim to assert or one which he agreed not to assert. There is no covenant that no claims would be filed against the estate in the probate court, so

there is no remedy by virtue of the contract if the claim filed by respondent is not a legal claim against the estate. It is clear to us that appellant, by virtue of the contract, had an interest in the residue of the estate of decedent which gave her the right to contest the allowance of claims filed against the estate and appeal from the order of allowance if the representative refused so to do. There appears to be no need of referring to the authorities cited by either side, for none are precisely in point.

The order is reversed.