IN RE ESTATE OF ED DOREY.
MARGARET JONES v. BEMIDJI LUTHERAN HOSPITAL.[1]

April 18, 1941.

No. 32,756.

[1]Reported in 297 N. W. 561.

*C. M. Ascham,* for appellant.
*Smith & Nolan,* for respondent.

JULIUS J. OLSON, JUSTICE.

This is an appeal from a judgment adversely affecting appellant's claim to an estate given to it under the will of one Edward George Dorey, deceased.

The pivotal question is whether the evidence sustains the finding of the district court (to which the case had been appealed by respondent) that testator's omission to provide for his only child under his will "was occasioned by accident and mistake and was not intentional."

The following facts, well sustained by the evidence, should be stated: Decedent was a resident of Redby on the Red Lake Indian Reservation in Beltrami county. At the time of making his will he was 62 years of age. He came to Bemidji on July 23, 1934, and engaged the services of Mr. Funkley, a long-time resident there and a lawyer of many years' experience. Mr. Henry Funkley testified in respect to testator's then condition as follows:

"Well, he was sick and weak and he couldn't speak. His words would be all between a whisper and a gasp, and the lower part of his face was all away and he didn't have any chin or lower gums. * * *

Q. "That is, Mr. Funkley, this part of the lower part of the jaw and mouth had been cut away by an operation?

A. "Yes, he had no lip, no underjaw, no gum."

Mr. Funkley was asked whether testator had mentioned the daughter, the present respondent, and the answer was, "No, sir, he never did at any time. I didn't know he had ever been married. * * *

Q. "Had he ever mentioned to you a young man at Redby by the name of Ed Dorey?

A. "Yes, I have seen him, too.

Q. "Did he make any statement to you concerning this young man as to whether or not he was a son of his?

A. "Yes, sir. * * *

Q. "What did he say, Mr. Funkley?

A. "He said he was not his son and that he did not want him to have anything under his will.

Q. "Was that the conversation had with you at the time he told you to insert in the will the statement that he had no children?

A. "Yes."

Testator died August 8, 1934. His will nominating Mr. Funkley as executor thereof was admitted to probate on December 1, 1934. He qualified and is now acting as such.

Appellant's contention is founded upon this statement in testator's will: "I emphatically state that I have no children, grandchildren or parents living, and no person on the Red Lake Reservation or elsewhere is child of mine, whether bearing the name of Dorey or not."

That respondent was the child of testator and his wife, born in lawful wedlock, is well established by the evidence.

The probate court, upon respondent's petition (dated June 10, 1935) to take under 2 Mason Minn. St. 1927, § 8745, found that testator left "him surviving a daughter, the said Margaret Jones," but that *"it does not appear from the evidence submitted* at said hearing, *that this omission was occasioned by accident or mistake."* The italicized finding rather clearly indicates that the court was of opinion that the burden of proof rested upon respondent and that such burden had not been met. The district court, however, on appeal, found otherwise; and in its memorandum assigned as its reason therefor that the statute places that burden upon the one who claims that the omission was intentional, and, failing in that, the omission here having been established, that the statute controlled decision.

The statute (§ 8745) provides:

"If a testator omits to provide in his will for any of his children or the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate, *unless it appears that such omission was intentional, and not occasioned by accident or mistake."* (Italics supplied.)

As said in Whitby v. Motz, 125 Minn. 40, 43-44, 145 N. W. 623, 625, 51 L.R.A.(N.S.) 645:

"It is difficult and frequently impossible to prove the intention of the testator. The legislature has shifted the burden of doing this from the child to the adverse party. If it had intended to go further and to limit the evidence upon the question to the will itself, it would, doubtless, have used appropriate language to express that intention."

The opinion cites numerous decisions from other jurisdictions sustaining that view. In a later case, In re Estate of Wunsch, 177 Minn. 169, 171, 225 N. W. 109, the Whitby case was cited and applied. And that is also the rule "in all jurisdictions in which the question has been decided, except California." Annotation, 94 A. L. R. p. 209, *et seq.,* where the cases are cited and many of them annotated.

If oral testimony may be offered and received to show that the omission of a parent to provide in his will for a child was intentional and not the result of accident or mistake, we think it is just as logical to permit such evidence to prove that it was unintentional. That testator was mistaken in saying, "No person on the Red Lake Reservation or elsewhere is child of mine, whether bearing the name of Dorey or not," is abundantly established. Mr. Funkley's testimony persuasively shows why he chose to insert in the will the language which we have quoted. Its sole purpose was to remove any chance of the younger Ed Dorey's participation in testator's estate. Respondent's name was not mentioned by testator and never entered the mind of the scrivener when the sentence

was written. Even if this were not so, there being no evidence furnished by appellant upon this phase except the naked statement in the will that testator had no children, there is wholly lacking any proof that the "omission was intentional, and not occasioned by accident or mistake."

■ That Mr. Funkley was a competent witness and his testimony not privileged is sustained by our cases, among them, In re Estate of Wunsch, 177 Minn. 169, 225 N. W. 109, where the cases are fully reviewed.

■ Nor is appellant's contention sustainable that such oral testimony tended to vary or make for naught testator's will. The evidence was not offered or received "to control a written instrument. The party claiming his distributive share does not set up title under the will, but under the provisions" of the statute. "The will itself is no further used than to show that he has no legacy under it; and the further inquiry, whether he was omitted, in the provisions of the will, by design or accident, is an issue of a distinct character, and, however clearly established, does not necessarily conflict with the tenor of the will." Wilson v. Fosket, 6 Met. (47 Mass.) 400, 405, 39 Am. D. 736. That case was cited with approval in the Whitby case, 125 Minn. 40, 44, 145 N. W. 623, 51 L.R.A. (N.S.) 645.

Judgment affirmed.