The judgment of the district court which is here for review is one which dismissed an appeal from a decree of distribution entered by the probate court of Wadena County.
The appellant, Erma E. Kicker, alleges that she was born June 13, 1906, the child of John and Harriet Sherwood, and that in March 1909 the decedent and his wife established the relationship of parent and child with her, pursuant to a contract of adoption. She asserts that through inadvertence and mistake decedent failed to provide for her in his will, and she here claims her statutory share of the estate.
Four days prior to the probate court hearing on the petition for distribution, *Page 14 
appellant filed written objections to the proposed decree but advised the representative that she would not appear at the hearing or introduce any evidence opposing it. No evidence was presented to prove appellant's adoption or to show she was unintentionally omitted. The residue of the estate was thereupon distributed to Carleton College.
After Erma Kicker had appealed to the district court, the representative of the estate and Carleton College moved for a dismissal on the ground that the district court had no original jurisdiction in probate matters in the absence of a determination of the issues by the probate court. They denied appellant was an aggrieved person within the meaning of the statute. Respondents claimed that appellant had defaulted in the probate court and had consented to the decree by her failure to present evidence opposing it.
The district court held that it had been deprived of jurisdiction because appellant had circumvented the probate court, and, having in effect withdrawn the issues she had raised, was in default. The district court concluded that the probate court had made no determination of the issues framed by appellant's formal objections.
1. We have held in a number of cases that the determination of whether a claimant is a pretermitted child must be made by the probate court prior to the entry of the decree of distribution. In the absence of an appeal to the district court, such a decree is final. Odenbreit v. Utheim, 131 Minn. 56,59, 154 N.W. 741, 742, L.R.A. 1916D, 421, 423; In re Estate of Burton, 203 Minn. 275, 278, 281 N.W. 1, 2. Although under prior statutes the claimant had the burden of proving that the omission was unintentional and occasioned by mistake or accident, our present law[1] shifts the burden to the estate and permits an omitted child to share unless the representative proves that the omission was intentional. Whitby v. Motz,125 Minn. 40, 145 N.W. 623, 51 L.R.A. (N.S.) 645. The claimant, of course, has the burden of proving her adopted status before the question of whether she is a pretermitted child becomes relevant.
Although our constitution confers on the probate court unlimited original jurisdiction over the administration of the estates of deceased *Page 15 
persons (Minn. Const. art. 6, § 6), its provisions for appeal to the district court leave to the discretion of the legislature the scope of the review. Minn. Const. art. 6, § 5. The statute specifically authorizes an appeal by any aggrieved person (Minn. St. 525.712) from a decree of distribution (§525.71[12]). It further directs that upon appeal to the district court the matter shall be tried and determined in the same manner as if originally commenced in that court. § 525.72.
While the claim of a pretermitted child cannot be initiated in the district court without first invoking the jurisdiction of the probate court,[2] no prerequisite for perfecting an appeal to the district court is specified in our law beyond the necessity for a probate court adjudication. Our statute makes no mention of a "trial" in probate court, let alone any reference to evidence or argument.
Respondents contend, however, that these issues have been decided adversely to appellant by the doctrine announced in In re Estate of Dahl, 249 Minn. 156, 81 N.W.2d 701. We do not agree. In the Dahl case the alleged pretermitted child asked the probate court to find he was decedent's adopted son, but invoked the court's jurisdiction in the form of a claim, which in the alternative sought payment of $10,000. From an order disallowing the claim the matter was appealed to the district court which refused to assume jurisdiction with respect to appellant's claim he was an adopted son. We affirmed the trial court's decision and held that it was improper to assert a contract of adoption by way of an ordinary claim in probate proceedings. We concluded that the issue should have been raised by objection to the final decree of distribution.
In contrast to the fact situation in the Dahl case, appellant has here objected to the final decree, the probate court has rejected her contention, and it has made an adverse determination by distributing the residue of the estate to Carleton College. The Dahl case does not hold that the probate court's decision must be reached only after a hearing at which evidence is introduced.
2. While under our constitution it was within the power of the legislature to provide for appeals from the probate court on the record *Page 16 
alone, the legislature has deemed it advisable to authorize a trial in district court "as if originally commenced in that court."
The failure to characterize the district court proceedings as a "trial de novo" is significant in that it suggests an intention to permit an appellant to conduct the first contested hearing at that stage of the litigation if he so elects.
We have on a number of occasions spelled out the scope of review in similar matters and have recently discussed this question exhaustively in Gabel v. Ferodowill, 254 Minn. 324,338, 95 N.W.2d 101, 111. There we pointed out that the district court exercises its own discretion, does not merely review the probate court's decision, and the probate court's conclusions become immaterial at the rehearing. We noted in the Gabel case that the law favors appeals from the probate court to the district court, and that any person who is properly before the probate court and is the losing party as a result of an adverse ruling is a "person aggrieved" within the meaning of § 525.712.
Our decision here was foreshadowed by In re Estate of Jefferson, 167 Minn. 447, 452, 209 N.W. 267, 269, where we took judicial notice of the fact that "the practice has grown up to only make prima facie proof of a will in the probate court in important cases, reserving the real trial until the contest gets into the district court upon appeal." This same practice, we might add, is prevalent in connection with the trial of matters in justice court and municipal court where defendants frequently permit a default to be taken because of their right to litigate the issues exhaustively when appealed to the district court.
The practical difficulty of requiring a trial in the ordinary sense at the probate court level is obvious. The legislature would be hard pressed to promulgate rules of practice which draw a fine line between what constitutes a bona fide trial and what is merely a perfunctory presentation of evidence sufficient to constitute an adjudication. No rules of procedure could be drafted effectively to prevent a litigant from merely shadowboxing if he wished only to lay the groundwork for a trial in the district court.
Our conclusions are amply supported by prior decisions. In In re Estate of Jefferson, 167 Minn. 447, 451, 209 N.W. 267, 268, we stated: *Page 17 
"* * * It is probably true that one pecuniarily interested in a will contest may at the hearing appear and passively arraign himself either with the proponents or with the contestants and still there is nothing in the statute which prevents one who has so done from appealing from the order made though it was in favor of the side with which he had arraigned himself."
The history of our probate code as amended by the 1935 revision was reviewed in In re Estate of Langer, 213 Minn. 482,7 N.W.2d 359. We came to the conclusion in that case that notwithstanding an appellant's failure to file written objections to a will in the probate court as required by § 525.241, the appellant could litigate his objections to the will in district court. To the same effect is In re Estate of Hartley, 214 Minn. 14, 7 N.W.2d 679, and Gabel v. Ferodowill, supra.
We therefore hold that, having asserted her right as a pretermitted child under a contract for adoption by filing objection to the final decree of distribution, and having had an adverse ruling by the entry of a decree rejecting her claim, appellant is an aggrieved person within the meaning of the statute and is entitled to a trial in the district court even though she presented no evidence in support of her claim in the probate court. The order dismissing appellant's appeal from the probate court to the district court is therefore reversed.
Reversed.
MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.
[1] Minn. St. 525.201.
[2] In re Estate of Peterson, 202 Minn. 31, 40, 277 N.W. 529, 534. *Page 18