**In the Matter of the ESTATE OF Michael ULISCNI, a.k.a. Michael Uliscni, Deceased.**

**No. C9–85–436.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Vernon D. Saxhaug, Virginia, for Michael Uliscni, deceased.

John F. Cope, Virginia, for Holly Nakari.

Considered and decided by FORSBERG, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This appeal is from an order of the St. Louis County Court, Probate Division, finding that appellant was intentionally omitted from her father's Will. We affirm.

## FACTS

Michael Uliscni died on May 17, 1984. He was survived by his only child, appellant Holly Nakari, who was born out of wedlock in 1964. By court order, Nakari was declared Uliscni's daughter.

Uliscni executed his last Will on November 3, 1972. The Will was prepared by Gust A. Koski, Uliscni's attorney. The substance of the Will is to leave Uliscni's estate to his nephew. Nakari is not named specifically in the Will. The Will contains a general exclusionary clause which states:

> I do hereby specifically disinherit any and all persons who are or who claim to be my heirs at law, except as herein provided.

Koski testified that, prior to drafting the Will, he had a conference in his office with Uliscni. He asked him whether or not he had any children, and he answered that he

had no children. Koski was not aware of the fact that Uliscni had a daughter when he drafted the Will.

In July 1967, Koski drafted a prior Will for Uliscni. The 1967 Will specifically named and excluded Nakari from taking under the Will. A copy of the 1967 Will, unexecuted, was located by Koski in his office files after commencement of this litigation. An executed copy of the 1967 Will was not located. Koski did not recall the 1967 Will at the time the 1972 Will was drafted.

Other than the difference in the language of the exclusionary clause of the two Wills, the only other change in the second Will was the designation of a different personal representative. There is no evidence that any change occurred between 1967 and 1972 in the relationship between Uliscni and Nakari. Uliscni's great nephew testified that he was unaware of Nakari's existence prior to the proceedings, and that Uliscni had never mentioned his daughter to him. The record is totally void of evidence that there was any kind of relationship existing at any time between Nakari and Uliscni.

## ISSUES

1. Did the trial court err in finding that the evidence was sufficient to establish an intentional omission of a child under Minn. Stat. § 525.201?

2. In a proceeding to construe a Will to determine whether a child was intentionally omitted, did the trial court properly consider evidence of a copy of a prior Will?

## ANALYSIS

### I.

Minn.Stat. § 525.201 (1984) provides:

If a testator omits to provide in his will for any of his children or the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate unless it appears that such omission was intentional and not occasioned by accident or mistake.

Nakari claims that she was mistakenly or accidentally omitted from her father's Will and that, therefore, she is entitled to an intestate share of her father's estate.

The burden is on the party claiming intentional omission to prove that any omission was intentional. *In re Dorey's Estate,* 210 Minn. 136, 138–39, 297 N.W. 561, 562 (Minn.1941). The presumption is that the omission of the name of a child from a Will of a parent was not intentional. *Bakke v. Bakke,* 175 Minn. 193, 220 N.W. 601 (Minn.1928).

The level of proof required to overcome the presumption of unintentional omission is a fair preponderance of evidence. *In re Estate of Hoigaard,* 360 N.W.2d 360, 362 (Minn.Ct.App.1984). Extrinsic evidence is admissible to show that an omission was intentional or otherwise. *In re Motz's Estate,* 125 Minn. 40, 145 N.W. 623 (Minn.1914). The issue of intentional omission is a question of fact for the trier of fact to determine. *Bakke,* 175 Minn. at 195, 220 N.W. at 601; *In re Motz,* 125 at 45, 145 N.W. at 625–626. The trial court found that the omission of Uliscni's child from his Will was intentional and not occasioned by accident or mistake. Nakari contends there was insufficient evidence for the trial court to find that her exclusion from her father's Will was intentional.

Nakari argues that a child needs to be expressly named or specifically identified in the disinheriting provision of a Will to overcome the pretermitted heir statute. There is no Minnesota authority to support this claim. This assertion conflicts with Minn.Stat. § 525.201.

Nakari further argues that the use of a general exclusionary clause disinheriting "heirs at law" is not sufficient to disinherit a child under Minn.Stat. § 525.201. The relevant section of Uliscni's Will states:

I do hereby specifically disinherit any and all persons who are or who claim to be my heirs at law, except as herein provided.

Appellant contends that the general language of the Will, if it applies to her at all, is insufficient to meet the estate's burden under the pretermitted heir statute.

Minn.Stat. § 524.1–201(17) (1984) defines "heirs" as:

[T]hose persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent.

Under Minn.Stat. § 525.172 (1984), which specifically addresses illegitimate children, Nakari qualifies as an heir of Uliscni. The definition of "heirs at law" undoubtedly includes children. *See In re Swenson's Estate,* 55 Minn. 300, 304, 56 N.W. 1115, 1116 (1893).

Minnesota appellate courts have not addressed whether an exclusionary clause disinheriting "heirs at law" is alone sufficient evidence of intent to disinherit a child. We have held that language in a Will disinheriting "illegitimate descendants" was sufficient under the circumstances to disinherit a child. *In re Estate of Hoigaard,* 360 N.W.2d 360 (Minn.Ct.App.1984).

California courts have held that language of a Will disinheriting a class of persons is sufficient to defeat a child as an omitted child if the person falls within the class. In *Estate of Szekely,* 104 Cal. App.3d 236, 242, 163 Cal.Rptr. 506, 510 (Cal.Ct.App.1980), the court held:

[A] disinheritance clause expressly omitting heirs indicates an intent to bar children or grandchildren and such clause overcomes any statement by the testator that he had no such relatives.

■ In Minnesota, a testator's intent to disinherit need not appear on the face of the Will. The evidence is not limited to the Will itself. *In re Motz,* 125 Minn. at 45, 145 N.W. at 625. The specific words in a Will must be interpreted in light of the circumstances and extrinsic evidence offered in each individual case. Here, the 1967 unexecuted Will specifically names and disinherits Nakari. There is no evidence of any change in Uliscni's and Nakari's relationship after 1967 that would indicate that by 1972 Uliscni had decided to

provide for Nakari in his Will. Absent any evidence to the contrary, it is reasonable to infer from the testimony of Uliscni's great nephew that no relationship of any kind existed between Uliscni and Nakari. No evidence of any kind was offered as to any relationship existing between Nakari and Uliscni.

■ On review, the trial court findings are entitled to great deference and should not be disturbed unless the reviewing court is left with the firm and definite conviction that a mistake has been made. *Hollom v. Carey,* 343 N.W.2d 701, 704 (Minn.Ct.App. 1984). Here, the trial court's finding that the omission of Nakari was intentional and not occasioned by accident or mistake is not clearly erroneous.

## II.

Nakari contends that it was an error for the trial court to accept into evidence a copy of the 1967 Will, unexecuted, and that the 1967 Will constitutes hearsay, was revoked, and was not executed.

■ Here, the prior Will was offered as evidence of the testator's intent. The law is clear in Minnesota that extrinsic evidence is admissible to show that an omission was intentional or otherwise. *In re Motz,* 125 Minn. at 45, 145 N.W. at 625.

■ The 1967 Will was also admissible under the business records exception to the hearsay rule. Minn.R.Evid. 803(6). A copy of the Will was kept by attorney Koski in his general office files. Nakari's contention that the business records exception does not apply because keeping a copy of a Will is not "necessary" to the running of a law office and does not relate to a "legitimate business purpose" is without merit.

■ The fact that the 1967 Will was not an executed copy, and was revoked by the 1972 Will, does not render the 1967 Will inadmissible. In determining the meaning of words used in a Will, extrinsic evidence of the surrounding facts and circumstances is an aid to the trier of fact. A prior Will as evidence of a testator's intent is such an

aid to the court in determining the testator's intent in a later Will. As the Minnesota Supreme Court stated of a prior Will:

Remoteness of time affects the weight of such evidence rather than its admissibility. * * * No hard and fast rule can be laid down to fix the limits of reasonable time as to remoteness. The circumstances of each case must control, and the determination of the trial judge is practically final.

*In re Forsythe's Estate*, 221 Minn. 303, 313, 22 N.W.2d 19, 25 (1946).

### DECISION

The trial court properly concluded that the omission of Nakari from Uliscni's Will was intentional and not occasioned by accident or mistake. The trial court did not err in admitting a copy of a prior unexecuted Will as evidence of Uliscni's intent.

Affirmed.