In re ESTATE OF Valley I. ERVIN, Deceased.

No. C3–86–1043.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 18, 1987.

Thomas E. Lund, St. Paul, for appellant.

William P. Lines, Milaca, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The personal representative for the estate of Valley Ervin challenges the trial court's determination that the evidence was insufficient to overcome the statutory presumption that the omission of Ervin's child from his will was not intentional but by accident or mistake. We affirm based on a conclusion that the trial court's finding was not clearly erroneous.

## FACTS

Valley Ervin was adjudicated the father of Virgil Israelson in 1933. Ervin left Minnesota in 1931, five years after Israelson's birth, claiming he was not the only man who could have been the child's father and that he had not gotten a fair deal. He did not formally contest the paternity judgment. Throughout his life, Ervin never saw Israelson, never paid support for him, never talked or wrote to him.

Ervin returned to Minnesota in 1959. He died in 1984, leaving an estate of approximately $60,000. He had no surviving spouse and no issue other than Israelson. His will, executed in 1981, left the estate to two nieces, Donna Mae Och and Mary Miller. The will made no mention of Israelson.

Israelson sought to set aside the will under the Minnesota statutory provision that unless it is proved that the omission of a child from a will is intentional, the omitted child takes the same share of the decedent's estate that they would have taken had the decedent died intestate. As Ervin's sole heir under the intestacy laws, Israelson claimed entitlement to the entire estate.

The estate presented four witnesses to rebut the statutory presumption favoring Israelson: Donna Mae Och, who is both a named beneficiary and the personal representative of the estate; Mary Miller, the other named beneficiary; Miller's husband, Delroy Miller; and Herbert Nyquist, Ervin's friend and a witness to the will. These witnesses testified that Ervin never believed he was Israelson's father and felt he had been framed in the paternity matter, that he had no contact with Israelson, and that he had an express disinterest in contacting Israelson or in knowing anything about him. One witness testified that when Ervin spoke of his son he did not know his name.

The trial court awarded the entire estate to Israelson, concluding that the estate failed to carry its burden of rebutting the statutory presumption that the omission was a result of accident or mistake.

## ISSUE

Does the record support the trial court's conclusion that the evidence of intentional omission was insufficient to rebut the presumption that the omission was a result of accident or mistake?

## ANALYSIS

Under Minnesota's omitted child statute:

If a testator omits to provide in his will for any of his children * * *, they shall take the same share of his estate which they would have taken if he had died intestate unless it appears that such omission was intentional and not occasioned by accident or mistake.

Minn.Stat. § 525.201 (1984).

■ The party claiming intentional omission has the burden of proving that any omission was intentional. *Matter of Estate of Uliscni*, 372 N.W.2d 759, 761 (Minn.Ct. App.1985). "The level of proof required to overcome the presumption of unintentional omission is a fair preponderance of evidence." *Id.*

■ The issue of intentional omission is a question of fact. *Id.* The trial court's finding on the issue will therefore not be set aside unless clearly erroneous. Minn. R.Civ.P. 52.01. The reviewing court must give due regard "to the opportunity of the

trial court to judge the credibility of the witnesses." *Id.*

■ We find no basis to dispute the trial court's assessment of the evidence and the credibility of the witnesses. Appellant had no evidence of direct statements of the decedent about his testamentary intentions. Appellant's evidence lacked specificity on conversations of the decedent. With the exception of Nyquist, the witnesses who testified about decedent's intent to omit Israelson from his will had an interest in the outcome as the two named beneficiaries under the will and the husband of one of the beneficiaries.

Moreover, and as the court noted, no evidence was introduced with regard to questions or statements made by decedent to the attorney who drafted the will about the inclusion or omission of Israelson. Nor was the attorney deposed or called as a witness, although the record indicates the attorney was still practicing in the area at the time of trial. The trial court properly weighed the evidence presented and correctly assessed that appellant did not show by a fair preponderance of the evidence that Ervin's omission of Israelson was intentional.

Appellant argues that the case of *Whitby v. Motz*, 125 Minn. 40, 145 N.W. 623 (1914) requires a different result. In *Motz*, the Minnesota Supreme Court affirmed the trial court's conclusion that the presumption had been overcome and that the omission of a child had been intentional. *Id.* at 45, 145 N.W. at 625–26. The opinion suggests that, as here, the decedent in *Motz* believed he was not the omitted child's parent and avoided all contact with the child. *Id.* However, *Motz* does not declare a rule of law for factually similar cases. Rather, in fact, the case demonstrates the deference paid to the trial court's discretion in evaluating the facts of each case. That *Motz* lacks a full statement of the facts available to that trial court further limits its probative value on the issue of the correctness of this trial court's ruling.

Appellant also argues that evidence that decedent remembered and spoke about his son as late as 50 years after Israelson's birth is evidence that Ervin intentionally omitted Israelson from his will. Appellant's view of this evidence is not unreasonable. The trial court took an equally reasonable position, however, concluding that decedent's knowledge that his parentage had been adjudicated and his continuing discussion of the son coincides with the notion that he would express in his will any settled intention to exclude his son. Again, the trial court's finding in this regard must be respected. *See Uliscni*, 372 N.W.2d at 762 (evidence of testator's intent need not appear on the face of the will).

Appellant claims the trial court made other critical errors. First, appellant alleges the trial court erred as a matter of law by failing to make a finding of fact on the issue of decedent's intent. The court, however, made several findings on both the statutory presumption on intent and the evidence of decedent's intent before concluding that the personal representative failed to prove that the omission was intentional. The court also specifically concluded that the omission was by accident or mistake, which serves the same purpose as a finding that the omission was not intentional. The court also issued a memorandum in which it further discussed the statute and the evidence of decedent's intent. It is abundantly clear that the trial court deliberately applied the statutory presumption on a testator's intent and found that appellant failed its burden of proof.

■ Second, appellant states that the trial court applied a standard of proof that was more stringent than the required preponderance of the evidence. The trial judge commented during the proceedings that it would take a "ton of evidence" to overcome the statutory presumption. The court also noted in its memorandum that there was "nothing compelling" about the testimony of the witnesses who had an interest in the matter that was "particularly persuasive" on the issue of decedent's attitude towards Israelson. However, the court correctly stated the burden of proof

in its conclusions of law, and its findings and conclusions as a whole are lawful.

■ Finally, appellant alleges five errors in the exclusion of evidence, four times on the basis of relevance and once on hearsay grounds. Evidentiary rulings are committed to the sound discretion of the trial court and are not the basis for reversal unless that discretion has been clearly abused. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983). We have examined the alleged errors and find no such abuse of discretion. Appellant failed to make offers of proof on two of the offered testimonies, without which we are unable to adequately review the issue. None of the rulings resulted in prejudice to appellant's case.

### DECISION

The trial court did not commit reversible error in concluding that the evidence was insufficient to overcome the statutory presumption that the omission of Israelson from Ervin's will was by accident or mistake.

Affirmed.